**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Lead Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRENE KRISTAL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MESOBLAST LIMITED, SILVIU ITESCU, and JOSH MUNTNER,<br><br>Defendants. | **CASE No.: 7:20-cv-08430-PMH**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF FRANK FAYZ TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br><u>**CLASS ACTION**</u> |
| ALAN MAUSKOPF, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MESOBLAST LIMITED, SILVIU ITESCU, and JOSH MUNTNER,<br><br>Defendants. | **CASE No.:  7:20-cv-09111-PMH**<br><br><u>**CLASS ACTION**</u> |

Plaintiff Frank Fayz ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)      consolidating the related actions as they involve common questions of law and fact and consolidation would promote judicial economy;

(b)      appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the publicly traded securities of Mesoblast Limited ("Mesoblast" or the "Company") between April 16, 2019 and October 1, 2020, both dates inclusive (the "Class Period"); and

(c)      approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

*Kristal v. Mesoblast Limited, et al.*, Case No. 7:20-cv-08430-PMH (the "*Kristal* Action") was commenced on October 8, 2020 against Mesoblast Limited, Silviu Itescu, and Josh Muntner (the "Defendants") for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

*Mauskopf v. Mesoblast Limited, et al.*, Case No. 7:20-cv-09111-PMH (the "*Mauskopf* Action" and, together with *Kristal* Action, the "Related Actions") was filed in this Court on October 30, 2020 against the same defendants as in the *Kristal* Action and asserted the same claims during the same class period therein.

1

Defendant Mesoblast develops allogeneic cellular medicines using its proprietary mesenchymal lineage cell therapy platform. Its lead product candidate, RYONCIL (remestemcel-L), is an investigational therapy comprising mesenchymal stem cells derived from bone marrow. In February 2018, the Company announced that remestemcel-L met its primary endpoint in a Phase 3 trial to treat children with steroid refractory acute graft versus host disease ("aGVHD").

The complaints allege that during the Class Period, Defendants made false and misleading statements and/or failed to disclose that: (1) comparative analyses between Mesoblast's Phase 3 trial and three historical studies did not support the effectiveness of remestemcel-L for steroid refractory aGVHD due to design differences between the four studies; (2) as a result, the FDA was reasonably likely to require further clinical studies; (3) as a result, the commercialization of remestemcel-L in the U.S. was likely to be delayed; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On August 11, 2020, the FDA released briefing materials for its Oncologic Drugs Advisory Committee ("ODAC") meeting to be held on August 13, 2020. Therein, the FDA stated that Mesoblast provided post hoc analyses of other studies "to further establish the appropriateness of 45% as the null Day-28 ORR" for its primary endpoint. The briefing materials stated that, due to design differences between these historical studies and Mesoblast's submitted study, "it is unclear that these study results are relevant to the proposed indication." On this news, the Company's share price fell $6.09, or approximately 35%, to close at $11.33 per share on August 11, 2020, on unusually heavy trading volume.

On October 1, 2020, Mesoblast disclosed that it had received a Complete Response Letter ("CRL") from the FDA regarding its marketing application for remestemcel-L for treatment of

SR-aGVHD in pediatric patients. According to the CRL, the FDA recommended that the Company "conduct at least one additional randomized, controlled study in adults and/or children to provide further evidence of the effectiveness of remestemcel-L for SR-aGVHD." The CRL also "identified a need for further scientific rationale to demonstrate the relationship of potency measurements to the product's biologic activity." On this news, the Company's share price fell $6.56, or 35%, to close at $12.03 per share on October 2, 2020, on unusually heavy trading volume.

<strong><u>ARGUMENT</u></strong>

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned Related Actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to

investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as a representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost $60,230.00 in connection with his purchases of Mesoblast securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Mesoblast securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Mesoblast's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained

6

adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Movant is a medical doctor in Dearborn, Michigan. He has been investing for many years. Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Mesoblast securities and is, therefore, extremely motivated to pursue the claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiff's class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

### III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Rosen Law is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Ex. 4 hereto. As a result of the firm's extensive experience in litigation involving issues similar to those raised herein, Movant's counsel has the skill and knowledge which will enable it to prosecute a consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by the Movant, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving Movant's selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: December 7, 2020                    Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           /s/ Phillip Kim
                                                 8

Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Lead Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim