**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IRENE KRISTAL, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| | Case No.: 7:20-cv-08430-PMH |
| v. | |
| MESOBLAST LIMITED, SILVIU ITESCU, and JOSH MUNTNER, | Hon. Philip M. Halpern |
| Defendants. | |
| ALAN MAUSKOPF, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| | Case No.: 7:20-cv-09111-PMH |
| v. | |
| MESOBLAST LIMITED, SILVIU ITESCU, and JOSH MUNTNER, | Hon. Philip M. Halpern |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MORDECHAI VOGEL'S MOTION FOR
CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.     FACTUAL BACKGROUND ................................................................................................. 2

II.    PROCEDURAL HISTORY ................................................................................................ 4

III.   ARGUMENT ...................................................................................................................... 4

    A.   Consolidation of the Actions Is Appropriate ....................................................... 4

    B.   Appointing Movant As Lead Plaintiff Is Appropriate ......................................... 5

        1.   Movant Filed a Timely Motion. ............................................................... 6

        2.   Movant Has the Largest Financial Interest. .............................................. 7

        3.   Movant Satisfies the Relevant Requirements of Rule 23. ......................... 8

            a.   Movant's Claims Are Typical. ....................................................... 8

            b.   Movant Is An Adequate Representative. ........................................ 9

    C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. .................................. 10

IV.    CONCLUSION ................................................................................................................. 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp.*,
    264 F.3d 201 (3d Cir. 2001)....................................................................................... 10

*City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*,
    269 F.R.D. 291 (S.D.N.Y. 2010) .............................................................................. 8, 9

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ..................................................................................... 8

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)......................................................................................... 5

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
    No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008).............. 8, 9

*Mitchell v. Complete Mgmt., Inc.*,
    Case No. 99-CV-1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999).......................... 5

*Primavera Familienstiftung v. Askin*,
    173 F.R.D. 115 (S.D.N.Y. 1997). ................................................................................... 5

*Salinger v. Sarepta Therapeutics, Inc.,*
    No. 19-CV-8122 (VSB), 2019 U.S. Dist. LEXIS 218248 (S.D.N.Y. Dec. 17, 2019).............. 7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008).......................................................................... 6, 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
    No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 9

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................................... 5

**Statutes**

15 U.S.C. § 78u-4 ......................................................................................................... passim

**Rules**

FED. R. CIV. P. 23........................................................................................................ 1, 6, 8, 9

Fed. R. Civ. P. 42(a) ......................................................................................................... 4, 5

Mordechai Vogel ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions (the "Actions")[1], appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), on behalf of a putative class of purchasers of Mesoblast Limited ("Mesoblast" or the "Company") securities who purchased or otherwise acquired the publicly traded securities of Mesoblast from April 16, 2019 to October 1, 2020, inclusive (the "Class" who purchased during the "Class Period"), against Defendants Mesoblast, Silviu Itescu ("Itescu"), and Josh Muntner ("Muntner") (collectively "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" plaintiff, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky

---

[1] The Actions are *Kristal v. Mesoblast Limited, et al.,* Case No. 7:20-cv-08430 filed in the Southern District of New York on October 8, 2020 (the "*Kristal* Action") and *Mauskopf v. Mesoblast Limited, et al.,* Case No. 7:20-cv-09111 filed in the Southern District of New York on October 30, 2020 (the "*Mauskopf* Action").

as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.      FACTUAL BACKGROUND[2]

Mesoblast develops allogeneic cellular medicines using its proprietary mesenchymal lineage cell therapy platform. ¶ 2. The Company is incorporated under the laws of Australia with its principal executive offices located in Melbourne, Australia, and its American Depositary Shares ("ADSs" or "shares") trade on the NASDAQ under the symbol "MESO". ¶ 15. RYONCIL (remestemcelL), Mesoblast's lead product candidate, is an investigational therapy comprising mesenchymal stem cells derived from bone marrow. *Id.* In February 2018, the Company announced that remestemcel-L met its primary endpoint in a Phase 3 trial to treat children with steroid refractory acute graft versus host disease ("aGVHD"). *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 8. Specifically, Defendants failed to disclose to investors: (1) that comparative analyses between Mesoblast's Phase 3 trial and three historical studies did not support the effectiveness of remestemcel-L for steroid refractory aGVHD due to design differences between the four studies; (2) that, as a result, the FDA was reasonably likely to require further clinical studies; (3) that, as a result, the commercialization of remestemcel-L in the U.S. was likely to be delayed; and (4) that, as a result of the foregoing, Defendants' positive statements about the

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Kristal* Complaint") filed in the *Kristal* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Kristal* Complaint. The facts set forth in the *Kristal* Complaint are incorporated herein by reference.

Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

Mesoblast completed its rolling submission of its Biologics License Application ("BLA") with the FDA in early 2020 to secure marketing authorization to commercialize remestemcel-L for children with steroid refractory aGVHD. ¶ 3.

On August 11, 2020, the FDA released briefing materials for its Oncologic Drugs Advisory Committee ("ODAC") meeting to be held on August 13, 2020. ¶ 4. Therein, the FDA stated that Mesoblast provided post hoc analyses of other studies "to further establish the appropriateness of 45% as the null Day-28 ORR" for its primary endpoint. *Id.* The briefing materials stated that, as a result of design differences between these historical studies and Mesoblast's submitted study, "it is unclear that these study results are relevant to the proposed indication." *Id.*

On this news, the Company's share price fell on August 11, 2020 to $6.09, or approximately 35%, to close at $11.33 per share, on unusually heavy trading volume. ¶ 5.

On October 1, 2020, Mesoblast disclosed that it had received a Complete Response Letter ("CRL") from the FDA regarding its marketing application for remestemcel-L for treatment of SR-aGVHD in pediatric patients. ¶ 6. According to the CRL, the FDA recommended that the Company "conduct at least one additional randomized, controlled study in adults and/or children to provide further evidence of the effectiveness of remestemcel-L for SR-aGVHD." *Id.* The CRL also "identified a need for further scientific rationale to demonstrate the relationship of potency measurements to the product's biologic activity." *Id.*

On this news, Mesoblast's share price took another drop on October 2, 2020 to 35%, or $6.56, to close at $12.03 per share, on unusually heavy trading volume. ¶ 7.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. ¶ 9.

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned Actions against Defendants. Plaintiff Irene Kristal ("Kristal") commenced the first filed action against Mesoblast on October 8, 2020. On that same day, counsel acting on Kristal's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Movant's Motion ("Hopkins Decl.").

As more news surrounding Mesoblast began to emerge after the filing of the *Kristal* Action, the *Mauskopf* Action was filed against Mesoblast in this Court.

## III.   ARGUMENT

### A.   Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered.15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* FED. R. CIV. P. 42(a). "[D]istrict courts have 'broad discretion to determine whether consolidation is appropriate,' weighing 'considerations of judicial economy' against 'a paramount concern for a fair and impartial trial.'" *Jakobsen v. Aphria, Inc.*,

4

No. 18-cv-11376 (GBD), 2019 U.S. Dist. LEXIS 64440, at *4 (S.D.N.Y. Mar. 27, 2019) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)).  Consolidation is particularly appropriate in securities class action litigation.  *See Id.* at *5 ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact."  (citation and quotations omitted)); *O'Brien v. Pareteum Corp.,* No. 19-cv-9767, 2020 U.S. Dist. LEXIS 4914, at *5 (S.D.N.Y. Jan. 10, 2020). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct.  The Actions name substantially the same parties as defendants.  Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions.  Accordingly, consolidation under Rule 42(a) is appropriate.  *See Jakobsen*, 2019 U.S. Dist. LEXIS 64440, at *5.

### B.    Appointing Movant As Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $12,405 as a result of his Class Period transactions in Mesoblast securities—and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Movant Filed a Timely Motion.

On October 8, 2020 pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Kristal published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and

6

advising purchasers of Mesoblast securities that they had 60 days from the publication of the October 8, 2020 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Hopkins Decl.; *Salinger v. Sarepta Therapeutics, Inc.,* No. 19-CV-8122 (VSB), 2019 U.S. Dist. LEXIS 218248, at *3 (S.D.N.Y. Dec. 17, 2019) (filing a notice on *Globe Newswire* satisfied the PSLRA's notice requirement).

Movant timely filed his motion within the 60-day period following publication of the October 8, 2020 Press Release and has submitted herewith a sworn certification attesting that he is willing to serve as representatives of the Class and attaching his transactions in Mesoblast securities. *See* Hopkins Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Movant Has the Largest Financial Interest.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, are presumed to be the "most adequate plaintiffs."

Movant purchased Mesoblast securities at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading statements issued by the Defendants and were injured thereby. As a result of the alleged fraud against Defendants, Movant suffered an approximate loss of $12,405. *See* Hopkins, Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the

7

"largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3.     Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, Movant needs only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-12 (S.D.N.Y. Nov. 24, 2008).

#### a.     Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and

lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 U.S. Dist. LEXIS 95506, at \*12. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions, and fraudulent scheme, concerning Ideanomics' business, violated the federal securities laws. Movant, like all members of the Class, purchased Mesoblast securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at \*12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297. Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute these Actions, and Movant's financial losses ensure that he has sufficient incentive to ensure vigorous advocacy. *See* Hopkins Decl., Ex. B. Finally, Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant, a sophisticated investor who lives in Far Rockaway, New York, has over 20 years of investing experience. Movant has a Bachelor's Degree in Business Administration, and is owner of his own wholesale office supply company named Tower Paper Co. , and he is also partner in another company named Wholesale Direct LLC. Movant has experience overseeing attorneys before, as well, as he has hired attorneys for several personal real estate transactions and will easily be able to oversee the litigation and direct counsel.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is the presumptive lead plaintiff in accordance with § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

**C.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and retained the firm as the Class's Lead Counsel in the event he is appointed as lead plaintiff. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. *See* Hopkins Decl. Ex. D (Levi & Korsinsky' s firm resume). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court grant his Motion and enter an Order: (1) consolidating the Actions; (2) appointing Movant as lead plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.


Dated: December 7, 2020                                    Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ *Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
Email: shopkins@zlk.com

*Counsel for Mordechai Vogel and*
*[Proposed] Lead Counsel for the Class*

11