**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IRENE KRISTAL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MESOBLAST LIMITED, SILVIU ITESCU, and JOSH MUNTNER,<br><br>Defendants. | Case No: 7:20-cv-08430-PMH<br><br>CLASS ACTION |
| ALAN MAUSKOPF, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MESOBLAST LIMITED, SILVIU ITESCU, and JOSH MUNTNER,<br><br>Defendants. | Case No: 7:20-cv-09111-PMH<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOHAMMED AL-OSTAZ AND AHMED ELOSTATH'S**
**MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT**
**AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND.................................................................................................... 2

ARGUMENT............................................................................................................................ 4

I.    CONSOLIDATION OF THE ACTIONS IS APPROPRIATE ........................................... 4

II.   THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFF ........................ 5

    A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff ............. 5

    B.    Movants Satisfy the Lead Plaintiff Provisions of the PSLRA................................ 6

        1.    Movants Filed a Timely Motion .................................................................. 6

        2.    Movants Have the Largest Financial Interest in the Relief Sought ........... 7

        3.    Movants Meet Rule 23's Typicality and Adequacy Requirements ............ 8

            a.    Movants' Claims Are Typical of the Claims of the Class .............. 9

            b.    Movants Are an Adequate Representative.................................... 10

III.  MOVANTS' CHOICE OF COUNSEL SHOULD BE APPROVED ............................... 11

CONCLUSION...................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*,
  No. 08 MDL 1963 (RWS), 2008 U.S. Dist. LEXIS 106327 (S.D.N.Y. Dec. 29, 2008)............. 9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008) ...................................................................................... 8

*In re Drexel Burnham Lambert Grp., Inc.*,
  960 F.2d 285 (2d Cir. 1992)............................................................................................. 9

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005)..................................................................................... 1, 7

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) .................................................................................. 5, 7

*In re GE Sec. Litig.*,
  No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009)................... 10

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)......................................................................................... 4

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007).................................................................................... 7

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998) ..................................................................................... 11

*In re Orion Secs. Litig.*,
  No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008)...................... 9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998)..................................................................................... 8

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
  275 F.R.D. 187 (S.D.N.Y. 2011) ................................................................................. 10

*Primavera Familienstifung v. Askin*,
  173 F.R.D. 115 (S.D.N.Y. 1997) ................................................................................. 4

*Reimer v. Ambac Fin. Grp., Inc.*,
  No. 08 Civ. 411 (NRB), 2008 U.S. Dist. LEXIS 38729 (S.D.N.Y. May 9, 2008) ...................... 9

*Richman v Goldman Sachs Grp., Inc.*,
  274 F.R.D. 473 (S.D.N.Y. 2011) .................................................................................... 9

*Strougo v. Brantley Capital Corp.*,
  243 F.R.D. 100 (S.D.N.Y. 2007) .................................................................................... 8

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*,
  No. 05-cv-4617 (RJH), 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. Jan. 24, 2006)........................ 7

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. Mar. 9, 2001).......................................................................... 4, 7

**Statutes**

Private Securities Litigation Reform Act,
  15 U.S.C. § 78u-4.............................................................................................. passim

**Rules**

Fed. R. Civ. P. 42(a) ............................................................................................... 4

Rule 23 of the Federal Rules of Civil Procedure ................................................................ passim

Movants Mohammed Al-Ostaz and Ahmed Elostath (together "Movants"), on behalf of themselves and all other similarly situated persons and entities, hereby respectfully submit this Memorandum of Law in Support of Movants' Motion for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

## PRELIMINARY STATEMENT

Presently pending before the Court are two securities class action lawsuits (the "Actions" or "Consolidated Action")[1] brought on behalf of a "Class" consisting of all persons and entities, other than Defendants (defined below), who purchased or otherwise acquired Mesoblast Limited ("Mesoblast" or the "Company") securities between April 16, 2019 and October 1, 2020, inclusive (the "Class Period"). The Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), as well as U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Mesoblast and certain of its senior officers (the "Defendants").

The PSLRA, as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and

---

[1] The Actions pending in this Court include: *Kristal v. Mesoblast Limited, et al.*, Case No. 1:20-cv-08430, filed on October 8, 2020 (the "*Kristal* Action"), and; *Mauskopf v. Mesoblast Limited, et al.*, Case No. 1:20-cv-09111, filed on October 30, 2020 (the "*Mauskopf* Action").

1

adequacy requirements of Rule 23.") (quotations omitted).  Movants have lost $32,100.07 as a result of the alleged fraud during the Class Period.[2]  Movants believe that they have the largest financial interest in the outcome of the Actions.  Moreover, Movants satisfy the requirements of Rule 23 in that their claims are typical of the claims of the Class, and in that they will fairly and adequately represent the interests of the Class.

Accordingly, the Court should grant Movants' Motion in its entirety.

## FACTUAL BACKGROUND

Mesoblast develops allogeneic cellular medicines using its proprietary mesenchymal lineage cell therapy platform.  ¶ 19.[3]  Its lead product candidate, RYONCIL (remestemcel-L), is an investigational therapy comprising mesenchymal stem cells derived from bone marrow.  *Id*.  In February 2018, the Company announced that remestemcel-L met its primary endpoint in a Phase 3 trial to treat children with steroid refractory acute graft versus host disease ("aGVHD").  ¶ 20.

In early 2020, Mesoblast completed its rolling submission of its Biologics License Application ("BLA") with the U.S Food and Drug Administration ("FDA") to secure marketing authorization to commercialize remestemcel-L for children with steroid refractory aGVHD.  ¶ 3.

On August 11, 2020, the FDA released briefing materials for its Oncologic Drugs Advisory Committee ("ODAC") meeting to be held on August 13, 2020.  ¶ 28.  Therein, the FDA stated that Mesoblast provided post hoc analyses of other studies "to further establish the appropriateness of 45% as the null Day-28 ORR" for its primary endpoint.  *Id*.  The briefing materials stated that, due

---

[2] Movants' PSLRA certifications identifying their transactions in Mesoblast, as well as a chart identifying their losses, and a joint declaration executed by Movants evidencing their intention to pursue the Actions in a cohesive and collaborative manner, are attached to the Declaration of Melissa A. Fortunato, dated December 7, 2020 ("Fortunato Decl."), as Exhibits 1, 2, and 3, respectively.

[3] Citations to "¶ __" are to paragraphs in the *Kristal* Action Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in that action, ECF No. 1.  Unless otherwise defined, capitalized terms shall have the same meaning as set forth in the Complaint.  The facts set forth in the Complaint are incorporated herein by reference.

to design differences between these historical studies and Mesoblast's submitted study, "it is unclear that these study results are relevant to the proposed indication." *Id.*

On this news, the Company's share price fell $6.09, or approximately 35%, to close at $11.33 per share on August 11, 2020, on unusually heavy trading volume. ¶ 29.

On October 1, 2020, Mesoblast disclosed that it had received a Complete Response Letter ("CRL") from the FDA regarding its marketing application for remestemcel-L for treatment of SR-aGVHD in pediatric patients. ¶ 31. According to the CRL, the FDA recommended that the Company "conduct at least one additional randomized, controlled study in adults and/or children to provide further evidence of the effectiveness of remestemcel-L for SR-aGVHD." *Id.* The CRL also "identified a need for further scientific rationale to demonstrate the relationship of potency measurements to the product's biologic activity." *Id.*

On this news, the Company's share price fell $6.56, or 35%, to close at $12.03 per share on October 2, 2020, on unusually heavy trading volume. ¶ 32.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) comparative analyses between Mesoblast's Phase 3 trial and three historical studies did not support the effectiveness of remestemcel-L for steroid refractory aGVHD due to design differences between the four studies; (2) as a result, the FDA was reasonably likely to require further clinical studies; (3) as a result, the commercialization of remestemcel-L in the U.S. was likely to be delayed; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶ 27.

3

## ARGUMENT

### I.   CONSOLIDATION OF THE ACTIONS IS APPROPRIATE

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *Weltz*, 199 F.R.D. at 131 ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact . . . .") (citation and quotations omitted); *Primavera Familienstifung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions here present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name the same parties as Defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *Celotex*, 899 F.2d at 1285.

4

## II.    THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFF

### A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

The PSLRA mandates that the Court decide the lead plaintiff issue "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

First, the PSLRA provides that within 20 days after the date on which the first class action is filed, the plaintiff to that action shall publish, in a widely circulated national business publication or wire service, a notice advising members of the proposed class of the pendency of the action and their right to move for appointment as lead plaintiff within 60 days of the notice publication.  *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by any purported class member in response to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable of adequately representing the interests of class members."  *Id*.  The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by another class member that the presumptive most adequate plaintiff "will not fairly and adequately protect

the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants have complied with the procedural prerequisites of the PSLRA and have, what is to the best of their knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movants are also unaware of any unique defenses against them that Defendants could raise. Therefore, Movants are entitled to the presumption that they are the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Consolidated Action.

### B.     Movants Satisfy the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, Movants should be appointed lead plaintiff because they satisfy all of the requirements of the PSLRA. Movants filed a timely motion to be appointed lead plaintiff, hold the largest financial interest in the relief sought by the Class, and satisfy the typicality and adequacy requirements of Rule 23.

#### 1.     Movants Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the *Kristal* Action published notice of the action on October 8, 2020, within 20 days of the filing of the first-filed complaint, through *Business Wire*, a widely circulated national business-oriented wire service. *See* Fortunato Decl., Ex. 4. Consequently, any member of the proposed Class was required to seek appointment as lead plaintiff within 60 days after publication of that notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Therefore, the time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §§ 78u-4(a)(3)(A) and (B) expires on December 7, 2020. Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movants timely move this Court to be appointed lead plaintiff on behalf of all members of the Class.

6

### 2.      Movants Have the Largest Financial Interest in the Relief Sought

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial interest in the relief sought by an action.  As demonstrated herein, Movants have the largest known financial interest in the relief sought by the Class.  *See* Fortunato Decl., Ex. 2.  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.  *See Weltz*, 199 F.R.D. at 132; *Foley*, 272 F.R.D. at 128 ("Although courts have differed on how much weight to assign to each of the factors, [the Second Circuit], as have other courts, shall place the most emphasis on the last of the four factors:  the approximate loss suffered by the movant.").  *See also Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (same); *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-4617 (RJH), 2006 U.S. Dist. LEXIS 3028, at *13-14 (S.D.N.Y. Jan. 24, 2006) ("We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period.").

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period.  15 U.S.C. § 78u-4(e).

Within the Class Period, Movants purchased Mesoblast securities in reliance upon the materially false and misleading statements issued by Defendants and were injured thereby.  Movants have suffered substantial losses of $32,100.07 under a last-in-first-out ("LIFO") analysis as a result of Defendants' alleged fraudulent statements.  *See eSpeed*, 232 F.R.D. at 101 (noting that courts prefer losses to be calculated under LIFO); *see also* Fortunato Decl., Ex. 2 (Loss Chart).

7

Movants, thus, have a significant financial interest in the outcome of this case. To the best of Movants' knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3.   Movants Meet Rule 23's Typicality and Adequacy Requirements

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."). *See also Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiff.

8

### a.    Movants' Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  A plaintiff satisfies the typicality requirement if the plaintiff has:  (a) suffered the same injuries as the absent class members; (b) the injuries are as a result of the same course of conduct by defendants; and (c) the plaintiff's claims are based on the same legal issues that prove the defendant's liability.  *See In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).  "However, the claims of the class representative need not be identical to those of all members of the class."  *In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, No. 08 MDL 1963 (RWS), 2008 U.S. Dist. LEXIS 106327, at \*29 (S.D.N.Y. Dec. 29, 2008); *see also In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at \*12 (S.D.N.Y. July 7, 2008) ("Indeed, the possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.") (quotations omitted).

In this case, the typicality requirement is met because Movants' claims are identical to, and neither compete nor conflict with, the claims of the other Class members.  *See Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011) ("The typicality requirement is satisfied when the claims of the proposed lead plaintiff arise from the same conduct from which the other class members' claims and injuries arise.").  Movants, like the other members of the Class, acquired Mesoblast securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby.  Thus, Movants' claims are typical, if not identical, to those of the other members of the Class because Movants suffered losses similar to those of other Class members and their losses were a result of Defendants' common course of wrongful conduct.  Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3).  *See Reimer v. Ambac Fin. Grp., Inc.*, No. 08 Civ. 411 (NRB), 2008 U.S. Dist.

9

LEXIS 38729, at *12 (S.D.N.Y. May 9, 2008) ("Typicality is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.").

Movants therefore satisfy the required *prima facie* showing of the typicality requirements of Rule 23 for purposes of this Motion.

### b.      Movants Are an Adequate Representative

Movants are also an adequate representative for the Class.    Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class."   Adequate representation will be found if the representative has:  (a) retained able and experienced counsel and (b) the representative has no fundamental conflicts of interest with the interests of the class as a whole.  *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider:  (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *15 (S.D.N.Y. July 29, 2009) (Movant "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and he has retained competent and experienced counsel.").  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative class and whether there is evidence of any antagonism between the interests of a movant and other members of the class.  15 U.S.C. § 78u-4(a)(3)(B).

Movants meet the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class.  Not only is there no evidence of conflict between the interests of Movants and those of the other members of the putative Class, but Movants have a significant and

10

compelling interest in prosecuting the Consolidated Action based on the large financial loss they have incurred as a result of the wrongful conduct alleged therein. *See In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998) (plaintiff's "financial stake in the litigation provides an adequate incentive for [plaintiff] to vigorously prosecute the action"). Indeed, Movants have already taken steps which demonstrate that they both recognize and will protect the interests of the Class, including: (1) executing a certification detailing their Class Period transactions and expressing their willingness to serve as Class representative; (2) moving this Court to be appointed lead plaintiff; (3) committing to providing fair and adequate representation, overseeing counsel, and obtaining the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy, among other things (*see* Fortunato Decl., Ex. 3); and (4) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities fraud. Therefore, Movants will prosecute the Consolidated Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and therefore satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movants sustained the largest amount of losses from Defendants' alleged wrongdoing, Movants are the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Consolidated Action.

## III.   MOVANTS' CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection only when necessary to "protect the

11

interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Here, Movants have selected and retained BES as proposed Lead Counsel for the Class.

As set forth in its accompanying firm résumé (Fortunato Decl., Ex. 5), BES is highly accomplished in, and is currently acting as lead counsel in, a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors.  The members of the firm have extensive experience in successfully prosecuting complex securities class actions such as this and are well-qualified to represent the Class.  Thus, this Court may be assured that if the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court:  (1) consolidate the above-captioned actions; (2) appoint Movants as Lead Plaintiff on behalf the Class; (3) approve Movants' selection of BES as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: December 7, 2020          Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

By: */s/ Melissa A. Fortunato*
Melissa A. Fortunato
Marion C. Passmore
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone:  (212) 308-5858
Facsimile:  (212) 214-0506
Email: fortunato@bespc.com
Email: passmore@bespc.com

*Counsel for Movants and Proposed*
*Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Melissa A. Fortunato, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 7th day of December, 2020.

*/s/ Melissa A. Fortunato*

Melissa A. Fortunato

13