UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRENE KRISTAL, Individually and On Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>         v.<br><br>MESOBLAST LIMITED, SILVIU ITESCU, and JOSH MUNTNER,<br>                          Defendants. | Case No.  7:20-cv-08430-PMH<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARC PERCIVAL FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL |
| ALAN MAUSKOPF, Individually and On Behalf of All Others Similarly Situated,<br><br>                          Plaintiffs,<br><br>         vs.<br><br>MESOBLAST LIMITED, SILVIU ITESCU, and JOSH MUNTNER,<br><br>                          Defendants. | Case No.  7:20-cv-09111-PMH |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT............................................................................................................................. 4

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES.. 4

II.      PERCIVAL SHOULD BE APPOINTED LEAD PLAINTIFF ........................................ 5

      A.      Percival Is Willing to Serve as a Class Representative............................................ 6

      B.      Percival Has the "Largest Financial Interest" in the Related Actions .................... 7

      C.      Percival Otherwise Satisfies the Requirements of Rule 23 .................................... 8

III.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED.......... 10

CONCLUSION............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
  No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...................................8

*Bassin v. Decode Genetics, Inc.*,
  230 F.R.D. 313 (S.D.N.Y. 2005) ...........................................................................................5

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
  141 F.R.D. 229 (2d Cir. 1992) ...............................................................................................9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008) ...........................................................................................4

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ...................................................................................................7

*Chahal v. Credit Suisse Grp. AG*,
  No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ...........................7

*In re Comverse Tech., Inc. Sec. Litig.*,
  No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ...................7, 11

*Dookeran v. Xunlei Ltd.*,
  No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .......................................9

*In re Drexel Burnham Lambert Grp., Inc.*,
  960 F.2d 285 (2d Cir. 1992) ...................................................................................................9

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) ...........................................................................................9

*In re GE Sec. Litig.*,
  No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ...................................5

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) ...........................................................................................9

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) .................................................................................................4

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................................8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
 311 F.R.D. 373 (S.D.N.Y. 2015) ...................................................................................10

*Kristal v. Mesoblast Limited et al*,
 No. 7:20-cv-08430 (S.D.N.Y. Oct 8, 2020).................................................................2, 3, 4, 6

*Lax v. First Merchants Acceptance Corp.*,
 No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997).......................................................7

*Malcolm v. Nat'l Gypsum Co.*,
 995 F.2d 346 (2d Cir. 1993)............................................................................................4

*In re Molson Coors Brewing Co. Sec. Litig.*,
 233 F.R.D. 147 (D. Del. 2005) ......................................................................................10

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
 No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ........................7

*In re Olsten Corp. Sec. Litig.*,
 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..................................................................................7

*In re Orion Sec. Litig.*,
 No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ...................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) ......................................................................................8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
 229 F.R.D. 395 (S.D.N.Y. 2004) ....................................................................................7

*In re Tronox, Inc. Sec. Litig.*,
 262 F.R.D. 338 (S.D.N.Y. 2009) ....................................................................................4

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
 589 F. Supp. 2d 388 (S.D.N.Y. 2008)..............................................................................10

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................ *passim*

Private Securities Litigation Reform Act of 1995 .................................................... *passim*

Securities Exchange Act of 1934 .................................................................................1, 9

**Rules**

Fed. R. Civ. P. 23...................................................................................................... *passim*

Fed. R. Civ. P. 42.............................................................................................................1, 4

**Other Authorities**

*Manual for Complex Litigation (Third)* (1995) ................................................................4

The Wall Street Journal, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8,
2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-
for-110-million-11554746066) ...............................................................................11

Marc Percival ("Percival") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42, for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Percival as Lead Plaintiff on behalf of persons and entities that purchased or otherwise acquired Mesoblast Limited ("Mesoblast" or the "Company") securities between April 16, 2019 and October 1, 2020, inclusive (the "Class Period") (the "Class"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that the above-captioned defendants other than Mesoblast ("Defendants") defrauded investors in violation of the Exchange Act. Mesoblast investors, including Percival, incurred significant losses following the disclosure of the Company's alleged fraud, which caused Mesoblast's stock price to fall sharply, damaging Percival and other Mesoblast investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his purchases of Mesoblast securities during the Class Period, Percival incurred losses of approximately $14,877. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Accordingly, Percival believes that he has the largest financial interest in the relief sought in the Related Actions.

1

Beyond his considerable financial interest, Percival also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Percival has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Percival respectfully requests that the Court enter an order consolidating the Related Actions, appointing Percival as Lead Plaintiff of the Class, and approving Percival's selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

Mesoblast develops allogeneic cellular medicines using its proprietary mesenchymal lineage cell therapy platform. *See Kristal v. Mesoblast Limited et al,* No. 7:20-cv-08430 (S.D.N.Y. Oct 8, 2020), Dkt. No. 1 ("Complaint") ¶ 2. Its lead product candidate, RYONCIL (remestemcelL), is an investigational therapy comprising mesenchymal stem cells derived from bone marrow. *Id.* In February 2018, the Company announced that remestemcel-L met its primary endpoint in a Phase 3 trial to treat children with steroid refractory acute graft versus host disease ("aGVHD"). *Id.*

In early 2020, Mesoblast completed its rolling submission of its Biologics License Application ("BLA") with the FDA to secure marketing authorization to commercialize remestemcel-L for children with steroid refractory aGVHD. *Id.* ¶ 3.

2

On August 11, 2020, the FDA released briefing materials for its Oncologic Drugs Advisory Committee ("ODAC") meeting to be held on August 13, 2020. *Id.* ¶ 4. Therein, the FDA stated that Mesoblast provided post hoc analyses of other studies "to further establish the appropriateness of 45% as the null Day-28 ORR" for its primary endpoint. *Id.* The briefing materials stated that, due to design differences between these historical studies and Mesoblast's submitted study, "it is unclear that these study results are relevant to the proposed indication." *Id.*

On this news, the Company's share price fell $6.09, or approximately 35%, to close at $11.33 per share on August 11, 2020, on unusually heavy trading volume. *Id.* ¶ 5.

On October 1, 2020, Mesoblast disclosed that it had received a Complete Response Letter ("CRL") from the FDA regarding its marketing application for remestemcel-L for treatment of SR-aGVHD in pediatric patients. *Id.* ¶ 6. According to the CRL, the FDA recommended that the Company "conduct at least one additional randomized, controlled study in adults and/or children to provide further evidence of the effectiveness of remestemcel-L for SR-aGVHD." *Id.* The CRL also "identified a need for further scientific rationale to demonstrate the relationship of potency measurements to the product's biologic activity." *Id.*

On this news, the Company's share price fell $6.56, or 35%, to close at $12.03 per share on October 2, 2020, on unusually heavy trading volume. *Id.* ¶ 7.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. *Id.* ¶ 8. Specifically, Defendants failed to disclose to investors: (1) that comparative analyses between Mesoblast's Phase 3 trial and three historical studies did not support the effectiveness of remestemcel-L for steroid refractory aGVHD due to design

3

differences between the four studies; (2) that, as a result, the FDA was reasonably likely to require further clinical studies; (3) that, as a result, the commercialization of remestemcel-L in the U.S. was likely to be delayed; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.  *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.  *See id.*  ¶ 9.

**ARGUMENT**

**I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law,

4

and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1-*3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. Each action is brought against the Company, as well as certain officers or directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Mesoblast's securities and subsequently damaged the Class when the Company's share price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## II.    PERCIVAL SHOULD BE APPOINTED LEAD PLAINTIFF

Percival should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Related Actions and otherwise satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Percival satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    Percival Is Willing to Serve as a Class Representative

On October 8, 2020, counsel for plaintiff in the first-filed of the above-captioned Related Actions, caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities fraud class action had been filed against certain of the Defendants, and which advised investors in Mesoblast securities that they had 60 days from the date of the PSLRA Notice—*i.e.*, until December 7, 2020—to file a motion to be appointed as lead plaintiff.  *See* Lieberman Decl., Ex. B.

Percival has filed the instant motion pursuant to the PSLRA Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Percival satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.      Percival Has the "Largest Financial Interest" in the Related Actions

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Percival has the largest financial interest of any Mesoblast investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Percival: (1) purchased 2,400 shares of Mesoblast securities; (2) expended $44,640 on his purchases of Mesoblast securities; (3) retained all of his shares of Mesoblast securities; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $14,877 in connection with his Class Period purchases of Mesoblast securities.  *See* Lieberman Decl., Ex. A.  To the extent that Percival possesses the largest financial interest in

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.      Percival Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23."  *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.")  Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 WL 1634872, at *3 ("[C]ourts need only consider the typicality and adequacy requirements.").  Here, the complaints in the Related Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Percival.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to

prove the defendant's liability.'"  *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'"  *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

Percival's claims are typical of those of the Class.  Percival alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Mesoblast.  Percival, as did all Class members, purchased Mesoblast securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Mesoblast's share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Percival has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Related Actions, and submits his choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between Percival's interests and the interests of the Class.  Moreover, Percival has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses incurred by Percival demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

Further demonstrating his adequacy, Percival has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Lieberman Decl., Ex. D.

## III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Percival has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Lieberman Decl., Ex. E. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066).

As a result of Pomerantz's extensive experience in securities litigation and class actions involving issues similar to those raised in the Related Actions, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of the Related Actions. Thus, the Court may be assured that by approving the selection of counsel by Percival, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Percival respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Percival as Lead Plaintiff for the Class; and (3) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel for the Class.

11

Dated:  December 7, 2020

Respectfully submitted,

POMERANTZ LLP

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Marc Percival and
Proposed Lead Counsel for the Class*

12