UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
IRENE KRISTAL, Individually and on Behalf :   Civil Action No. 7:20-cv-08430-PMH
of All Others Similarly Situated,            :
                                       :   CLASS ACTION
                  Plaintiff,     :
                                         :
    vs.                                    :
                                         :
MESOBLAST LIMITED, SILVIU ITESCU    :
and JOSH MUNTNER,             :
                                         :
                         Defendants.    :
———————————————————— x
ALAN MAUSKOPF, Individually and on    :   Civil Action No. 7:20-cv-09111-PMH
Behalf of All Others Similarly Situated,    :
                                       :   CLASS ACTION
                    Plaintiff,    :
                                       :
    vs.                                    :
                                         :
MESOBLAST LIMITED, SILVIU ITESCU    :
and JOSH MUNTNER,             :
                                         :
                         Defendants.    :
———————————————————— x

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4836-6129-4803.v1

## I.      INTRODUCTION

Presently pending before this Court are two securities class action lawsuits (the "Related Actions") brought on behalf of public investors who purchased or otherwise acquired Mesoblast Limited ("Mesoblast" or the "Company") securities between April 16, 2019 and October 1, 2020 (the "Class Period") against the Company and certain of its executive officers for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78u-4, *et seq.*) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).  The Related Actions are *Kristal v. Mesoblast Limited*, No. 7:20-cv-08430, filed on October 8, 2020, and *Mauskopf v. Mesoblast Limited*, No. 7:20-cv-09111, filed on October 30, 2020. Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation is appropriate under Rule 42 because the Related Actions involve common questions of law and fact.

After deciding consolidation, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Ms. Dieu Gregoriou is the "most adequate plaintiff" to represent the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition to timely filing her motion, Ms. Gregoriou has a significant financial interest and meets the Rule 23 typicality and adequacy requirements.  Ms. Gregoriou has also selected Robbins Geller Rudman & Dowd LLP, an experienced and qualified law firm, to serve as lead counsel for the putative class in the event her motion is granted.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

- 1 -

4836-6129-4803.v1

Because Ms. Gregoriou satisfies the PSLRA criteria for appointment as lead plaintiff, her motion should be granted.

## II.    SUMMARY OF THE ACTION

Mesoblast develops allogeneic cellular medicines using its proprietary mesenchymal lineage cell therapy platform.  Mesoblast's lead product candidate, RYONCIL (remestemcel-L), is an investigational therapy comprising mesenchymal stem cells derived from bone marrow.  In February 2018, the Company announced that remestemcel-L met its primary endpoint in a Phase 3 trial to treat children with steroid refractory acute graft versus host disease ("aGVHD").  In early 2020, Mesoblast completed its rolling submission of its Biologics License Application with the U.S. Food and Drug Administration ("FDA") to secure marketing authorization to commercialize remestemcel-L for children with steroid refractory aGVHD.

The complaints allege that defendants made false and/or misleading statements and/or failed to disclose: (1) that comparative analyses between Mesoblast's Phase 3 trial and three historical studies did not support the effectiveness of remestemcel-L for steroid refractory aGVHD due to design differences between the four studies; (2) that, as a result, the FDA was reasonably likely to require further clinical studies; (3) that, as a result, the commercialization of remestemcel-L in the U.S. was likely to be delayed; and (4) that, as a result of the foregoing, defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On August 11, 2020, the FDA released briefing materials for its Oncologic Drugs Advisory Committee meeting to be held on August 13, 2020 stating that Mesoblast provided post hoc analyses of other studies "to further establish the appropriateness of 45% as the null Day-28 ORR" for its primary endpoint.  ECF No. 1 at ¶4.  The briefing materials stated that, due to design differences

- 2 -

4836-6129-4803.v1

between these historical studies and Mesoblast's submitted study, "it is unclear that these study results are relevant to the proposed indication." *Id.* On this news, the Company's share price fell approximately 35%.

Then, on October 1, 2020, Mesoblast disclosed that it had received a Complete Response Letter ("CRL") from the FDA regarding its marketing application for remestemcel-L for treatment of aGVHD in pediatric patients. According to the CRL, the FDA recommended that the Company "conduct at least one additional randomized, controlled study in adults and/or children to provide further evidence of the effectiveness of remestemcel-L for SR-aGVHD." ECF No. 1 at ¶6. The CRL also "identified a need for further scientific rationale to demonstrate the relationship of potency measurements to the product's biologic activity." *Id.* On this news, the Company's share price fell an additional 35%, further damaging investors.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of Mesoblast's securities, Ms. Gregoriou and other class members have suffered significant losses and damages.

### III.   ARGUMENT

#### A.   The Related Actions Should Be Consolidated

The Court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the Related Actions present nearly identical factual and legal issues, allege identical claims in an identical class period, and name identical defendants. *Compare Kristal* ECF No. 1 *with Mauskopf* ECF No. 1. Accordingly, the Related Actions should be consolidated.

#### B.   Ms. Gregoriou Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal

- 3 -

4836-6129-4803.v1

Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Ms. Gregoriou meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.     Ms. Gregoriou's Motion Is Timely

On October 8, 2020, the statutory notice for the first-filed action was published on *Business Wire* advising class members of the pendency of the action, its alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days. *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. Because Ms. Gregoriou's motion was timely filed by the statutory deadline, Ms. Gregoriou is entitled to be considered for appointment as lead plaintiff.

### 2.     Ms. Gregoriou Possesses a Substantial Financial Interest

During the Class Period, Ms. Gregoriou purchased 800 Mesoblast shares and suffered approximately $5,432 in losses. *See* Rosenfeld Decl., Exs. B, C. To the best of her counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3.    Ms. Gregoriou Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). While Rule 23 has four requirements for class certification, "[a]t this early stage of litigation" ""'only the last two factors – typicality and adequacy – are pertinent."'" *Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (citation omitted). "A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.* (citation omitted).

As her Certification and loss chart evidence, Ms. Gregoriou purchased Mesoblast shares during the Class Period and suffered harm when defendants' alleged misconduct was revealed. *See* Rosenfeld Decl., Exs. B, C. In addition, Ms. Gregoriou's substantial stake in the outcome of the case indicates that she has the requisite incentive to vigorously represent the class's claims. Ms. Gregoriou is not aware of any conflicts between her claims and those asserted on behalf of the putative class and she is not subject to any unique defenses. Further evidencing her ability to fairly and competently represent the interests of the class, Ms. Gregoriou has submitted a declaration affirming her ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff. *See* Rosenfeld Decl., Ex. D. Finally, as discussed below, Ms. Gregoriou has selected qualified counsel experienced in securities litigation as lead counsel. Thus, Ms. Gregoriou's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel confirm her satisfaction of the Rule 23 requirements.

- 5 -

4836-6129-4803.v1

### C.      Ms. Gregoriou's Selection of Counsel Should Be Approved

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, Ms. Gregoriou has selected Robbins Geller to serve as Lead Counsel for the proposed class. For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]); *Jackson Cty. Emps.' Ret. Sys. v. BHP Billiton Ltd.*, No. 1:16-cv-01445-NRB, ECF No. 46 at 8 (S.D.N.Y. June 14, 2016) (approving institution's selection of Robbins Geller as lead counsel and finding Robbins Geller "has the experience and resources necessary to adequately litigate this case").  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (concerning Robbins Geller's role as lead

4836-6129-4803.v1

counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

Indeed, Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.  *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).  And, while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, most recently in a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

4836-6129-4803.v1

Thus, the Court can be assured that by approving Ms. Gregoriou's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

## IV.	CONCLUSION

The Related Actions are nearly identical and should be consolidated for all purposes. Additionally, Ms. Gregoriou has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Ms. Gregoriou respectfully requests that the Court appoint her as Lead Plaintiff and approve her selection of Lead Counsel.

DATED: December 7, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

- 8 -

4836-6129-4803.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 7, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4836-6129-4803.v1

# Mailing Information for a Case 7:20-cv-08430-PMH Kristal v. Mesoblast Limited et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Melissa Ann Fortunato**
  fortunato@bespc.com,ecf@bespc.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,files@zlk.com,shalliday@zlk.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)