```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
IRENE KRISTAL, Individually and On Behalf
of All Others Similarly Situated,
                                                              MEMORANDUM OPINION
                                Plaintiff,                    AND ORDER
        v.
                                                              20-CV-08430 (PMH)
MESOBLAST LIMITED, SILVIN ITESCU,                             [Rel. 20-CV-09111 (PMH)]
and JOSH MUNTNER,

                                Defendants.
--------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

This case is one of two similar, putative securities fraud class actions against Mesoblast Limited ("Mesoblast") and two of its high-level executives, Silvin Itescu, Mesoblast's Chief Executive Officer and Josh Muntner, Mesoblast's Chief Financial Officer, presently pending before the Court. The other case is *Mauskopf v. Mesoblast Limited*, 20-CV-9111 ("*Mauskopf*"). Plaintiffs are individuals who purchased or otherwise acquired Mesoblast securities between April 16, 2019 and October 1, 2020 and they assert two claims for relief: (1) violation of § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder; and (2) violation of § 20(a) of the Exchange Act. On December 7, 2020, five investors (or groups of investors) each filed a motion to consolidate the actions, be appointed as lead plaintiff, and designate their lawyers as lead counsel. These investors include: (1) Frank Fayz ("Fayz"); (2) Mordechai Vogel ("Vogel"); (3) Mohammed Al-Ostaz and Ahmed Elosath ("Al-Ostaz"); (4) Marc Percival ("Percival"); and (5) Dieu Gregoriou ("Gregoriou" and collectively "Movants"). Thereafter, Gregoriou filed a Notice of Withdrawal of his motion and Vogel, Al-Ostaz, and Percival filed Notices of Non-Opposition to Fayz's motion to consolidate, appoint him as lead plaintiff, and approve his choice of lead counsel, each indicating that they do not have the largest financial interest in this action within the

meaning of the Private Securities Litigation Reform Act ("PSLRA"). (Docs. 20-23). Thus, Fayz's motion is unopposed.

For the reasons set forth below, the Court consolidates *Mauskopf* into the above-captioned action pursuant to Federal Rule of Civil Procedure 42, appoints Fayz as lead plaintiff, and approves Fayz's selection of the the Rosen Law Firm to serve as lead counsel.

### I.  Consolidation of the Related Actions

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional burden of proof associated with consolidation under Federal Rule of Civil Procedure 42. Rule 42 provides, "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Consolidation is "a valuable and important tool of judicial administration" and may be "invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations and quotations marks omitted).

Here, both Plaintiffs assert two identical claims for relief: (1) violation of § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder and (2) violation of § 20(a) of the Exchange Act. (*Kristal* Compl.[1] ¶¶ 51-65; *Mauskopf* Compl.[2] ¶¶ 51-65). Additionally, the Plaintiffs assert claims against the same Defendants and identify the same class period. (*Kristal* Compl. ¶¶ 1, 15-17; *Mauskopf* Compl. ¶¶ 1, 15-17). Furthermore, the allegations in both Complaints relate to the

---

[1] This refers to the Complaint filed at ECF No. 1 in *Kristal v. Mesoblast Limited*, No. 20-CV-8430.

[2] This refers to the Complaint filed at ECF No. 1 in *Mauskopf v. Mesoblast Limited*, No. 20-CV-9111.

same allegedly false and/or misleading statements made by Defendants as well as the same failure to disclose material information about Mesoblast's business. (*See generally Kristal* Compl; *Mausokopf* Compl.).

Accordingly, given the overlapping questions of law and fact, and "in light of the 'well recognized' principle that the 'consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs,'" *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007), *on reconsideration in part sub nom. In re IMAX Sec. Litig.*, No. 06-CV-6128, 2009 WL 1905033 (S.D.N.Y. June 29, 2009) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 293-94 (E.D.N.Y. 1998)), the Court finds it appropriate to consolidate these two actions. Accordingly, the Movants' request to consolidate the actions is granted.

## II.   Appointment of Lead Plaintiff

The PSLRA provides that the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members"—*i.e.* the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The most adequate plaintiff shall be appointed "[a]s soon as practicable" after the Court determines whether consolidation is appropriate. *Id.* § 78u-4(a)(3)(B)(ii). The PSLRA provides guidance on how the Court should determine who to designate as lead plaintiff and establishes that "the court shall adopt a presumption that the most adequate plaintiff" is the individual (or individuals) who (1) "has either filed the complaint or made a motion in response to [a publicly filed notice advising of the pendency of the action];" (2) "in the determination of the court, has the largest financial interest in the relief sought by the class;" and (3) "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). This

presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. § 78u-4(a)(3)(B)(iii)(II).

Here, Fayz asserts that he is the most adequate plaintiff and should be appointed lead plaintiff. The other four Movants, after reviewing Fayz's motion, have either filed Notices of Non-Opposition or a Notice of Withdrawal in apparent recognition that a presumption exists that Fayz is the most adequate plaintiff. The Court finds that a presumption does, in fact, exist that Fayz is the most adequate plaintiff.

First, Fayz timely filed his motion seeking to be appointed lead plaintiff. The PSLRA provides that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.* § 78u-4(a)(3)(A)(i)(II). The Plaintiff in *Kristal*, the first-filed action, filed notice on October 8, 2020 that an action had been commenced (Doc. 6-1), and Fayz filed his motion 60 days later on December 7, 2020 (Doc. 5). Thus, his motion was timely.

Second, Fayz is the Movant with the largest financial interest. A court determines which movant has the largest financial interest by looking to four factors:

> (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Kaplan*, 240 F.R.D. at 93 (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 404 (S.D.N.Y. 2004)). The most emphasis is placed on the final factor: the approximate losses of the movant. *Id.* As set forth in the Movants' papers, Fayz

has the largest financial interest in the case as he lost $60,230 in connection with his purchase of Mesoblast securities. (Doc. 6 at 5; Doc. 6-3). No other Movant suffered greater losses. Thus, Fayz has the largest financial interest in the litigation.

Third, Fayz meets the requirements of Federal Rule of Civil Procedure 23. While ordinarily Rule 23 requires numerosity, commonality, typicality, and adequacy, "[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination of lead plaintiff under the PSLRA." *Xianglin Shi v. Sina Corp.*, No. 05-CV-2154, 2005 WL 1561438, at *2 (S.D.N.Y. July 1, 2005) (quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)).

"The threshold typicality determination is satisfied if the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Id*. at *3 (quoting *In re Oxford Health Plans*, 182 F.R.D. at 50). Here, Fayz executed trades of Mesoblast securities during the proposed class period at prices alleged to have been impacted by Defendants' allegedly improper conduct. Thus, typicality is satisfied. *See id.*

The adequacy requirement is satisfied when "(1) there [is] no conflict between the proposed lead plaintiff and the members of the class, (2) the selected counsel [is] qualified, experienced, and able to conduct the litigation, and (3) the lead plaintiff [has] a sufficient interest in the outcome to insure vigorous advocacy." *Id*. (citing *Ferrari v. Impath, Inc.*, No. 03-CV-5667, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004)). Fayz has the largest financial interest in the litigation and has retained competent counsel. Additionally, no conflict is apparent from Fayz's motion and none of the other Movants have indicated that a conflict exists. Thus, the adequacy of representation requirement is satisfied.

Accordingly, because a presumption exists that Fayz is the most adequate plaintiff, and that presumption has not been rebutted by any other Movant or any other member of the purported class, the Court finds Fayz is entitled to the most adequate plaintiff presumption and appoints Fayz as the lead plaintiff.

### III.   Designation of Lead Counsel

The PSLRA provides that, "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Fayz has selected the Rosen Law Firm to represent the class. A review of the Rosen Law Firm's Biography (Doc. 6-4) indicates that the Rosen Law Firm has extensive experience prosecuting securities litigation class actions and is well qualified to represent the proposed class. Accordingly, the Court approves Fayz's selection of the Rosen Law Firm to serve as lead counsel.

### **CONCLUSION**

For the reasons stated herein, the Court GRANTS Fayz's motion to consolidate and hereby consolidates the action entitled *Mauskopf v. Mesoblast Limited*, 20-CV-9111 into this action. Unless otherwise ordered by this Court, future filings shall be filed and docketed only under docket number 20-CV-8430. Additionally, the Court APPOINTS Fayz as lead plaintiff and APPROVES Fayz's selection of the Rosen Law Firm to serve as lead counsel.

The Clerk is respectfully requested to terminate the following motions: Docs. 5, 7, 10, 13, and 16.

Dated:  New York, New York
        December 23, 2020

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge