Case 7:20-cv-08430-PMH   Document 62   Filed in NYSD on 10/01/2021   Page 1 of 6

# WILSON SONSINI

Request for pre-motion conference granted. The Court shall hold a telephonic pre-motion conference on December 21, 2021 at 2:30 p.m. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 3456831.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Docs. 62 and 64.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
        October 8, 2021

**VIA CM/ECF**

The Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:     ***Kristal v. Mesoblast Limited et al.***, No. 7:20-cv-08430-PMH

Dear Judge Halpern:

Pursuant to Rules 2(C) and 4(C)(iii) of Your Honor's Individual Practices in Civil Cases, Mesoblast Limited ("Mesoblast"), Silviu Itescu, Josh Muntner, and Fred Grossman (collectively, "Defendants") request a pre-motion conference to file a motion to dismiss the Amended Class Action Complaint ("Complaint" or "¶").  Mesoblast is a biopharmaceutical company committed to bringing to market innovative cellular medicines to treat serious and life-threatening illnesses, including remestemcel-L to treat acute graft-versus-host disease ("aGVHD") in children.  ¶¶ 2-3. The Oncologic Drugs Advisory Committee ("ODAC") convened by the FDA recommended by a vote of 9 to 1 that the data supported the safety and efficacy of remestemcel-L.  ¶ 239.  Despite this, the FDA declined to approve remestemcel-L at that time.  ¶ 241.  This case soon followed. The Complaint fails to satisfy Fed. R. Civ. P. 9(b) and 12(b)(6) or the heightened pleading requirements of the Private Securities Litigation Reform Act.

*No Falsity.*  Plaintiffs have failed to plead falsity with the required specificity.

*First*, the Complaint's claims that Defendants failed to disclose and/or "ignored" the FDA's comments fail because "interim FDA feedback is not material" and not required to be disclosed unless "***tantamount to a statement that [the drug] could not or would not***" be approved.  *In re*

**WILSON
SONSINI**

Hon. Philip M. Halpern
October 1, 2021
Page 2

*Sanofi Sec. Litig.*, 87 F. Supp. 3d 510, 541-42 (S.D.N.Y. 2015) (emphasis added), *aff'd sub nom. Tongue v. Sanofi*, 816 F.3d 199 (2d Cir. 2016). Belying Plaintiffs' theory that the FDA viewed the BLA as incapable of being approved, the FDA accepted the BLA for filing, and had granted it Fast Track designation (¶ 211) and Orphan Drug Exclusivity (¶ 61), both of which can be revoked if an application contravenes FDA guidance or it is no longer worthy of those designations.

Misconstruing and ignoring key portions of the FDA briefing materials, Plaintiffs claim the FDA told Mesoblast at the *outset* that the BLA was not acceptable. There is no support for that. Plaintiffs claim that the FDA told Mesoblast at the outset that the null hypothesis was "unacceptable," (*e.g.*, ¶¶ 168, 201, 204, 210), but the FDA materials merely said that "*[i]n the absence of data from appropriate historical controls*, FDA is unable to agree that the proposed null hypothesis is acceptable." ¶ 167 (emphasis modified). Indeed, Mesoblast submitted data from an aGVHD international consortium and additional analysis to address this. "ODAC Br. Doc." (¶ 18), https://www.fda.gov/media/140986/download at 6. Far from "unacceptable," the FDA only told ODAC that "it is *uncertain* as to whether the data cited for use as historical controls are sufficient[.]" *Id.* at 15 (emphasis added). "Uncertainty" as to the null rate is not "tantamount to a statement" that remestemcel-L would not be approved. *Sanofi*, 87 F. Supp. 3d at 541. Far from the null hypothesis ***or any other aspect of trial design*** supposedly having been previously rejected by the FDA, the FDA accepted the filing, granted it the priorities discussed above, and asked ODAC to consider the "strengths and weaknesses of the study design," contradicting the claim that the FDA had dispositive concerns from the outset. ODAC Br. Doc. at 32.

*Second*, while much of the Complaint discusses Mesoblast's purportedly flawed results and conditions (*e.g.*, ¶¶ 132-93), it does not claim that Defendants conveyed incorrect data or

**WILSON SONSINI**

Hon. Philip M. Halpern
October 1, 2021
Page 3

falsified information. "[T]he securities laws do not recognize a fraud claim premised on criticisms of a drug trial's methodology, so long as the methodology was not misleadingly described[.]" *Abely v. Aeterna Zentaris Inc.*, 2013 WL 2399869, at *6 (S.D.N.Y. May 29, 2013).[1]

*Third*, the Complaint relies on a purported expert who bases her opinion solely on public information – not firsthand knowledge or confidential information about remestemcel-L, Mesoblast, or its discussions with the FDA. ¶ 65. Under the heightened pleading standards governing the Complaint, these allegations cannot be credited because they are merely general observations about the FDA review process and clinical trial design, lacking any detail showing that Defendants' statements were false or misleading (¶¶ 74, 78, 105, 113, 148-52, 175, 180).

*Finally*, ODAC voted 9-to-1 that the evidence **supported** the efficacy of remestemcel-L. ¶ 239. The FDA's comments cited in the Complaint were all provided to ODAC ahead of the vote. ¶¶ 18, 155 n.17. The ODAC comprehensively considered the study design and results and overwhelmingly recommended approval. This shows the implausibility of the FDA allegedly communicating anything so concerning that any of Defendants' statements were false or misleading when made, let alone that Defendants acted with scienter (*see* pp. 4-5, *infra*).

**Forward-looking statements, opinion, and puffery.** The Complaint attempts to impose liability for statements that are forward-looking. *See, e.g.*, ¶ 199 (rolling basis BLA would "provide opportunity for ongoing . . . [FDA] communication" and "the Company expects it will be able to . . . address . . . matters raised by the FDA"); ¶ 215 (what "we intend" to provide the

---

[1] Plaintiffs also fault Defendants for referring to "trials" instead of "trial," (¶¶ 231-32, 234-35), but undisputedly, there had been multiple trials (¶¶ 124-33). GVHD001 was not reviewed in isolation; the FDA also analyzed other trials, including Study 275 and Study 280. Differences in opinion about these trials do not amount to securities fraud. *Infra* at 4. Moreover, despite Plaintiffs' claim to the contrary, the FDA can approve a drug based on a single successful trial, *see* 21 U.S.C. § 355(d)(7), and has done so recently for the same indication.

WILSON
SONSINI

Hon. Philip M. Halpern
October 1, 2021
Page 4

FDA); ¶ 218 ("[i]f approved, the launch of remestemcel is expected" next year); ¶ 220 ("planned" launch in 2020); ¶ 224 ("[w]e look forward to working closely with the FDA to potentially bring Ryoncil to market"); ¶ 227 ("expected" launch).  These and other forward-looking statements referred to abundant risk factors, including that Mesoblast "may be unable to demonstrate to the satisfaction of the FDA … that a product candidate is safe, pure, and potent" and "[e]ven if ongoing or future clinical studies meet the clinical endpoints with statistical significance, the FDA … may still find the data insufficient to support marketing approval[.]"  *See, e.g.*, Form 6-K, filed Feb. 22, 2019, at 70, 74; Form 20-F, filed Sept. 9, 2019, at 9, 13; Form 6-K, filed May 29, 2020, at 72, 76. Thus, the forward-looking statements are protected by the Safe Harbor of 15 U.S.C. § 78u-5(c).

Many challenged statements are also subjective, non-actionable opinions about Mesoblast's trial methodology and implications of results.[2]  *See Tongue*, 816 F.3d at 214 (claims that are nothing more "than a dispute about the proper interpretation of data" are not actionable).[3]

*No Scienter.*  An inference of scienter "must be more than merely plausible or reasonable— it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 309, 314 (2007).  Here, the more compelling, non-culpable inference is that the Defendants had an honest, good-faith belief that remestemcel-L would gain FDA approval.

---

[2] *See* ¶ 194 (recent meetings "support [Mesoblast's] planned regulatory filing"); ¶ 197 ("[s]o I think the key questions were addressed during those meetings"); ¶ 205 ("we have a very large clinical data set that supports . . . [the] safety and efficacy"); ¶ 218 (same); ¶¶ 207, 211, 220, 227, 231, 234 (interpreting clinical data).

[3] The Complaint also challenges statements of corporate puffery or optimism that are not actionable.  *See Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004); *see, e.g.*, ¶ 203 ("[w]e're very excited to be able to [have] initiated our BLA filing"); ¶ 207 ("extremely excited" by outcome); ¶ 231 ("results have been terrific").  In addition, Defendants are not liable for statements made by analysts (¶¶ 223, 225, 229) where they did not adopt or endorse them. *Zagami v. Cellceutix Corp.*, 2016 WL 3199531, at *6 (S.D.N.Y. June 8, 2016).

Case 7:20-cv-08430-PMH   Document 62   Filed in NYSD on 10/01/2021   Page 5 of 6

**WILSON SONSINI**

Hon. Philip M. Halpern
October 1, 2021
Page 5

Claims that Defendants misled investors so as to "raise money" (¶¶ 36-38, 244-46) are nothing more than "a desire that could be ascribed to every company that relies on outside funding." *Zagami*, 2016 WL 3199531, at \*15; *see also Coronel v. Quanta Capital Holdings Ltd.*, 2009 WL 174656, at \*16 (S.D.N.Y. Jan. 26, 2009) ("[A] motive to maintain a financial rating to protect the viability of the Company is not sufficient, under the law of this Circuit, to establish a motive to commit fraud."). Claims based on executives' "bonus structure" (¶¶ 250-53) are deficient. *ECA, Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) ("increase[d] officer compensation" is insufficient). The other allegations also fail (¶¶ 247-49), for they implausibly suggest Defendants would "continue[] investment of time and resources" without "honestly believ[ing] approval was still attainable." *Gillis v. QRX Pharma Ltd.*, 197 F. Supp. 3d 557, 589 (S.D.N.Y. 2016). It defies logic to suggest that Defendants recklessly gambled on FDA approval when ODAC agreed that remestemcel-L merited approval.[4]

***No Loss Causation.*** Investors were fully aware of the risk of FDA disapproval, *see* risk disclosures cited in p. 4, *supra*, and accordingly, Plaintiffs do not sufficiently allege loss causation. *See, e.g.*, *Callinan v. Lexicon Pharm., Inc.*, 479 F. Supp. 3d 379, 439-441 (S.D. Tex. 2020), *aff'd*, 858 F. App'x 162 (5th Cir. 2021).

***No Section 20(a) Liability.*** Because the Complaint fails to state a violation under Section 10(b), the Section 20(a) claim also fails. *Coronel*, 2009 WL 174656, at \*31.

---

[4] Prior to the remestemcel-L BLA, the FDA concurred with a positive ODAC vote **30 out of 30 times** since 2006. Mayo Clinic Proceedings, *Oncology Drug Advisory Committee Recommendations and the US Food and Drug Administration's Actions* 95(2), 424-426 (Feb. 1, 2020), https://www.mayoclinicproceedings.org/article/S0025-6196(19)31041-9/fulltext. Because the Complaint fails to adequately plead scienter as to any individual Defendant, it also fails as to Mesoblast (¶¶ 254-56). *See Jackson v. Abernathy*, 960 F.3d 94, 98-99 (2d Cir. 2020). The allegations based on Mesoblast being "a small Company" (¶ 255) are also deficient. *See Maloney v. Ollie's Bargain Outlet Holdings, Inc.*, 2021 WL 517934, at \*6 (S.D.N.Y. Feb. 10, 2021) (rejecting allegation that defendants "must have been aware" because they were "tight-knit").

Case 7:20-cv-08430-PMH Document 62 Filed in NYSD on 10/01/2021 Page 6 of 6

**WILSON SONSINI**

Hon. Philip M. Halpern
October 1, 2021
Page 6

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

_s/ Ignacio E. Salceda_

Ignacio E. Salceda (admitted _pro hac vice_)

_Counsel for Defendants Mesoblast Limited,_
_Silviu Itescu, Josh Muntner, and Fred Grossman_

cc:     All Counsel of Record (via CM/ECF)