# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRENE KRISTAL, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MESOBLAST LIMITED, SILVIU ITESCU, JOSH MUNTNER, and FRED GROSSMAN<br><br>Defendants. | **CASE No.: 7:20-CV-08430-PMH**<br><br>Honorable Philip M. Halpern |

**DECLARATION OF JOSEPHINE BRAVATA CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Josephine Bravata, declare as follows:

1.     I am the Quality Assurance Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over twenty years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over five hundred (500) class action cases since its inception.   I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

**MAILING OF THE POSTCARD NOTICE**

2.     Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated April 8, 2022 (Dkt. No. 75, the "Preliminary Approval Order"), SCS was approved to be retained as the Claims Administrator in connection with the Settlement of the

above-captioned action.[1]  I submit this declaration in order to provide the Court and the Parties information regarding the notifications to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

3.      To provide actual notice to those persons and entities that purchased or otherwise acquired publicly-traded American Depositary Shares ("ADS") of Mesoblast Limited ("Mesoblast") between December 13, 2018 and October 2, 2020, inclusive (the "Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class.  A true and correct copy of the Postcard Notice is attached as **Exhibit A**.

4.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 879 banks and brokerage companies ("Nominee Account Holders"), as well as 1,049 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On May 5, 2022, SCS caused a letter to be mailed or e-mailed to the 1,928 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that they, within 7 calendar days from the date of the letter, either send the Postcard Notice or email the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 28, 2022 (Dkt. No. 70, the "Stipulation").

Attorneys' Fees and Reimbursement of Litigation Expenses ("Summary Notice") to their customers who may be beneficial purchasers/owners or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial purchasers/owners so that SCS could promptly either mail the Postcard Notice or email the Summary Notice directly to them. A copy of the letter sent to these nominees is attached as **Exhibit B.**

5.     SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 2 individuals and organizations identified in the transfer records that were provided to SCS by J.P. Morgan. These records reflect persons and entities that purchased Mesoblast ADSs for their own account, or for the account(s) of their clients, during the Class Period. The transfer record mailing was completed on May 5, 2022.

6.     Following these mailings, SCS received 23,084 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, SCS received 6,231 requests from nominees for Postcard Notices so that the nominees could forward them to their customers, and SCS received notification from two nominees that they mailed the Postcard Notice to 81 of their customers. To date, 29,398[2] Postcard Notices have been mailed to potential Settlement Class Members.

7.     Additionally, SCS was notified by a nominee that they emailed 21,732 of their clients to notify them of this settlement and provide a direct link to the Notice and Claim Form on the settlement website. **Exhibit C** is a copy of the Notice and Claim Form.

---

[2] Out of the 29,398 Postcard Notices mailed, we received 37 requests from the potential Settlement Class Members to mail them the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and Proof of Claim and Release ("Claim Form") (collectively, the "Notice and Claim Form").

8. In total, 51,130 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed a direct link to the Notice and Claim Form.

9. SCS also sent the Depository Trust Company ("DTC") a Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS") on May 5, 2022. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

10. Out of the 29,398 Postcard Notices mailed, 786 were returned as undeliverable. Of these, the United States Postal Service provided forwarding addresses for 31, and SCS immediately mailed another Postcard Notice to the updated addresses. The remaining 755 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 375 were re-mailed to updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

11. Pursuant to the Preliminary Approval Order, the Summary Notice was published once in *Investor's Business Daily* and to be transmitted once over the *Globe Newswire* on May 23, 2022, as shown in the confirmations of publication attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

12. SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement and request the Notice and Claim Form. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBSITE

13. On April 28, 2022, SCS established a webpage on its website at www.strategicclaims.net/Mesoblast/. The webpage is accessible 24 hours a day, 7 days a week.

The webpage contains the current status; the case deadlines; and important documents such as the Notice and Claim Form, the Preliminary Approval Order, and the Stipulation.

### REPORT ON EXCLUSIONS AND OBJECTIONS

14.    The Notice, Summary Notice, Postcard Notice, and the settlement website informed potential Settlement Class Members that written requests for exclusion are to be mailed or delivered to SCS such that they are received no later than July 25, 2022.  SCS has been monitoring all mail delivered for this case.  As of the date of this Declaration, SCS has received one request for exclusion and one inquiry on how to file a request for exclusion. SCS has responded to the inquiry but as not received a response.  A copy of the exclusion request and the inquiry is attached hereto as **Exhibit E**.

15.    According to the Notice and Summary Notice, Settlement Class Members seeking to object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses must be submitted to Lead Counsel and Defendants' Counsel, as well as filed with the Clerk of the Court, no later than July 25, 2022.  As of the date of this Declaration, SCS has not received any objections and SCS has not been notified that any objection was submitted.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 11th day of July 2022, in Media, Pennsylvania.


Josephine Bravata
Josephine Bravata

5

**EXHIBIT A**

*In re Mesoblast Class Action Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

*COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

***You may be entitled to a CASH payment. This Notice may affect your legal rights.***

***Please read it carefully.***

*Kristal v. Mesoblast Limited, et al.*

Case No.: 7:20-cv-08430-PMH

There has been a proposed Settlement of claims against Mesoblast Limited ("Mesoblast") and certain current and former executives of Mesoblast (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege that Defendants disseminated materially false and misleading information to the investing public about their Biologics License Application "BLA") for FDA approval of their product, remestemcel-L to treat pediatric acute steroid-refractory graft-versus-host disease, in violation of the federal securities laws. Defendants deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. You received this Postcard Notice because you or someone in your family may have purchased Mesoblast ADS between December 13, 2018 and October 2, 2020, inclusive, and been damaged thereby.

Defendants have agreed to cause Mesoblast and its insurer pay a Settlement Amount of $2,000,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and litigation expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.strategicclaims.net/Mesoblast/.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size, and timing of your transactions in Mesoblast ADSs. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $.15 per eligible security before expenses and other Court-approved deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.strategicclaims.net/Mesoblast/ or will be mailed to you upon request to the Claims Administrator: *In re Mesoblast Class Action Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063; toll-free (866) 274-4004; fax: (610) 565-7985; info@strategicclaims.net.* **Claim Forms must be postmarked by August 7, 2022**. If you do not want to be legally bound by the Settlement, you must exclude yourself by July 25, 2022, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by July 25, 2022. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a hearing in this case on August 15, 2022 at 11:00 a.m., to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to one third (33$^{1/3}$ %) of the Settlement Fund in attorneys' fees, plus actual expenses up to $50,000 for litigating the case and negotiating the Settlement, and reimbursement of Plaintiffs' costs and expenses related to their representation of the Settlement Class in an amount not to exceed $2,000. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866) 274-4004 or visit the website www.strategicclaims.net/Mesoblast/ and read the detailed Notice.

**EXHIBIT B**

<u>REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS</u>
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

May 5, 2022

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED MESOBLAST PUBLICLY TRADED AMERICAN DEPOSITORY SHARES ("ADS") BETWEEN DECEMBER 13, 2018 AND OCTOBER 2, 2020, INCLUSIVE (THE "CLASS PERIOD") AND WHO HELD SUCH SHARES ON AUGUST 11, 2020, AND/OR OCTOBER 2, 2020.

Excluded from the Settlement Class are: (i) Defendants; (ii) the officers and directors of Mesoblast (iii) members of Defendants' immediate families and their legal representatives, heirs, successors, and assigns and (iv) any entity in which Defendants have or had a controlling interest.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *In re Mesoblast Class Action Litigation*<br>CASE No.: 7:20-CV-08430-PMH<br>Exclusion Deadline: July 25, 2022<br>Objection Deadline: July 25, 2022<br>Claim Filing Deadline: August 7, 2022<br>Settlement Hearing: August 15, 2022 | Cusip Numbers: 590717104 |

<u>PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE</u>

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the emailing of the Summary Notice or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice you have seven (7) calendar days to mail them; or
4. Request an electronic copy of the Summary Notice and advise us that you will be emailing to your beneficial purchasers/owners within seven (7) days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per email of the Summary Notice** OR
- **$0.05 per name, address and email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current pre-sort rate used by the Claims Administrator if** you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Notice of (I) Pendency of Class Action and Proposed Settlement (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Proof of Claim Form and Release Form and all the important documents are available on our website at www.strategicclaims.net/Mesoblast/. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,
Claims Administrator
In re Mesoblast Class Action Litigation

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRENE KRISTAL, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MESOBLAST LIMITED, SILVIU ITESCU, JOSH MUNTNER, and FRED GROSSMAN <br><br> Defendants. | CASE No.: 7:20-CV-08430-PMH <br><br> Honorable Philip M. Halpern |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if you purchased or otherwise acquired Mesoblast publicly traded American Depository Shares ("ADS") between December 13, 2018 and October 2, 2020, inclusive (the "Class Period") and who held such shares on August 11, 2020, and/or October 2, 2020, and who were damaged thereby (the "Class").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff Frank Fayz and named plaintiff David Caudle ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 21 below), have reached a proposed settlement of the Action for $2,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Mesoblast, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* page 18 below).**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 28, 2022 (the "Stipulation"), which is available at www.strategicclaims.net/Mesoblast/.

1

1.    **Description of the Action and the Settlement Class:**   This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Mesoblast Limited ("Mesoblast"), Silviu Itescu ("Itescu"), Josh Muntner ("Muntner"), and Fred Grossman ("Grossman") (collectively, the "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Mesoblast. A more detailed description of the Action is set forth in paragraphs 11- 20 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 21 below.

2.    **Statement of the Settlement Class's Recovery:**   Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $2,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 10-14 below.

3.    **Estimate of Average Amount of Recovery Per Share:**  Based on Plaintiffs' damages expert's estimates of the number of Mesoblast Securities purchased during the Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible security is $0.15 per ADS.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, the number of Mesoblast ADS they purchased, when and at what prices they purchased/acquired or sold their Mesoblast ADS, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 10-14 below) or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per ADS that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2020, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, the Rosen Law Firm, P.A., will apply to the Court for an award of attorneys' fees in an amount up to $33^{1/3}$% (one-third) of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $50,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected ADS of Mesoblast, if the Court approves Lead Counsel's fee and expense application, is $.05 per eligible security.

---

[2]  Defendants Itescu, Muntner, and Grossman are collectively referred to herein as the "Individual Defendants."

2

6.    **Identification of Attorney Representatives:**    Lead Plaintiffs and the Settlement Class are represented by Sara Fuks, Esq. of Rosen Law Firm, P.A., 275 Madison Avenue, 40th Floor, New York, NY 10016, (212) 686-1060, info@rosenlegal.com.

7.    **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.    Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years.    Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN AUGUST 7, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 29 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 31 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JULY 25, 2022.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN JULY 25, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON AUGUST 15, 2022 AT 11:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JULY 25, 2022.** | Filing a written objection and notice of intention to appear by July 25, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

3

| WHAT THIS NOTICE CONTAINS |
|:-:|

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 4

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 5

How Do I Know If I Am Affected By The Settlement?  Who Is Included
       In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 6

What Are Lead Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 6

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 7

How Are Settlement Class Members Affected By The Action And
       The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 7

How Do I Participate In The Settlement?  What Do I Need To Do? . . . . . . . . . . . . . . . . . .  Page 9

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 9

What Payment Are The Attorneys For The Settlement Class Seeking?
       How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 14

What If I Do Not Want To Be A Member Of The Settlement Class?
       How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 15

When And Where Will The Court Decide Whether To Approve The Settlement?
       Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
       Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 15

What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 17

Can I See The Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . . . .  Page 17

| WHY DID I GET THE POSTCARD NOTICE? |
|:-:|

8.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Mesoblast ADS during the Class Period.  The Court also directed that this Notice be posted online at www.strategicclaims.net/Mesoblast/ and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 69 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    This litigation stems from Mesoblast's FDA application for approval of its treatment, remestemcel-L and its clinical trial for remestemcel-L to treat steroid-refractory acute graft-versus-host disease in pediatric patients, a potentially life-threatening complication of an allogenic bone marrow transplant. During the Class Period, Defendants told investors that Mesoblast's clinical trial was successful and that its FDA application (called a Biologics License Application ("BLA")) was supported by the positive results of the trial.  When the FDA released its briefing document, it noted concerns with the trial's design. The FDA then issued a Complete Response Letter ("CRL"), recommending that Mesoblast conduct at least one additional study of remestemcel-L.

12.    On October 8, 2020, a class action complaint was filed in the United States District Court for the Southern District of New York (the "Court"). By Order dated December 23, 2020, Lead Plaintiff and Lead Counsel were appointed by the Court.

13.    On August 13, 2021, Plaintiffs filed their Amended Class Action Complaint (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged that Defendants made materially false and misleading statements and material omissions concerning Mesoblast's trial and misled investors about the company's prospects for FDA approval of its BLA based on the trial. The Complaint further alleged that the prices of Mesoblast's publicly-traded ADS were artificially inflated as a result of Defendants' allegedly false and misleading statements and material omissions, and declined when the truth was revealed.  Defendants deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

14.    On October 1, 2021 Defendants filed their pre-motion letter to dismiss with the Court setting out the reasons why the Complaint failed to state a claim.  Plaintiffs filed their response thereto on October 7, 2021.

15.    On December 21, 2021 the Court held a telephonic pre-motion to dismiss conference.  Thereafter, the Court entered an order setting a briefing schedule for Defendants' anticipated motion to dismiss.

16.    Plaintiffs continued their investigation into the claims asserted, but they also recognized that Defendants' anticipated motion to dismiss underscored the risks attendant to this litigation.  While the Parties believe in the merits of their respective positions, they also recognized the benefits that would accrue if they could reach an agreement to resolve the Action.  They agreed to schedule a mediation.

17.    On February 2, 2022 the Parties attended a mediation with retired federal judge Hon. Gary Feess of Phillips ADR.  The mediation culminated in the Parties agreeing to settle the Action for $2,000,000.

18.    Based on the investigation of the case and Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

19.    Defendants are entering into the Stipulation solely to eliminate the burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 31 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses

5

that the Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

20.    On April 8, 2022, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |
|---|

21.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

all persons who purchased or otherwise acquired Mesoblast publicly traded ADS between December 13, 2018 and October 2, 2020, inclusive and who held such shares on August 11, 2020, and/or October 2, 2020, and who were  damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) the officers and directors of Mesoblast (iii) members of Defendants' immediate families and their legal representatives, heirs, successors, and assigns and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page 15 below.

**PLEASE NOTE:  RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.strategicclaims.net/Mesoblast/ or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than August 7, 2022.**

| **WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?** |
|---|

22.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery. For example, Defendants would assert that their statements were not materially false and misleading, and that even if the statements were, they were not made with the requisite state of mind to support the securities fraud claim alleged.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statement would be hotly contested. Plaintiffs would have to prevail at several stages – motion to dismiss, motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

23.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and

adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $2,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial, and appeals, possibly years in the future.

24.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

25.    If there were no Settlement, and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

26.    As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 15 below.

27.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 15 below.

28.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 15 below.

29.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 30 below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

30.    "Released Plaintiffs' Claims" means all claims, demands, rights, and causes of action, or liabilities of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or

7

regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that (a) Plaintiffs or any other member of the Class: (i) asserted in the Action or (ii) could have asserted in any court or forum (including those in any other US or global jurisdiction) that arise out of or are based upon any of the allegations, transactions, facts, matters, or occurrences, representations, or omissions set forth in the Action; and (b) relate in any way to the purchase or other acquisition of Mesoblast ADSs during the Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

31.    "Defendants' Releasees" means (i) each Defendant, (ii) each of their respective immediate family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities, and affiliates, any trust of which any Individual Defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his or her family, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

32.    "Unknown Claims" means any and all Released Plaintiffs' Claims of every nature and description against the Defendants' Releasees which any Plaintiffs or any member of the Class does not know or suspect to exist in his, her, or its favor at the time of their release of the Released Plaintiffs' Claims, and any and all Defendants' Released Claims of every nature and description against the Plaintiffs' Releasees which any Defendant does not know or suspect to exist in his, her, or its favor at the time of their release of the Defendants' Released Claims, and including, without limitation, those which, if known by such Plaintiffs, member of the Class or Defendant, might have affected his, her, or its decision(s) with respect to the settlement or the releases, including his, her, or its decision(s) to object or not to object to the settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

33.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 31) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 35 below), and shall forever

8

be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

34.    "Released Defendants' Claims" means all   claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

35.    "Plaintiffs' Releasees" means Plaintiffs, Lead Counsel, all Settlement Class Members, and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

36.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation, **postmarked no later than August 7, 2022**, to the Claims Administrator at the following address: *In re Mesoblast Class Action Litigation,* c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063; fax: (610) 565-7985; info@strategicclaims.net.  A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.strategicclaims.net/Mesoblast/ or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-274-4004.  Please retain all records of your ownership of and transactions in Mesoblast ADSs, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

37.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

38.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid two million dollars (2,000,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state, and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

39.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

40.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

41.   Approval of the Settlement is independent from approval of a plan of allocation.   Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

42.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before August 7, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 30 above) against the Defendants' Releasees (as defined in ¶ 31 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

43.   Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Mesoblast ADS held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those Mesoblast ADSs that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Mesoblast ADS during the Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

44.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

45.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

46.   Only Settlement Class Members, *i.e.*, persons and entities who purchased Mesoblast ADS during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only securities that are included in the Settlement are Mesoblast ADS.

## PROPOSED PLAN OF ALLOCATION

47.   The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are

10

only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

48.    The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis.  Recognized Loss Amounts are based primarily on the price declines observed over the period which Lead Plaintiffs allege corrective information was entering the market place.  In this case, Plaintiffs allege that Defendants made false statements and omitted material facts between December 13, 2018 through and including October 2, 2020, which had the effect of artificially inflating the prices of Mesoblast ADSs.

49.    In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of the Mesoblast ADS. Alleged corrective disclosures that removed the artificial inflation from the prices of Mesoblast ADS occurred between August 11, 2020 and October 2, 2020, inclusive. Accordingly, in order to have a Recognized Loss:

(a)    Mesoblast ADS purchased or otherwise acquired from December 13, 2018 through and including August 10, 2020 must have been held through the close of trading on August 10, 2020, the day prior to the first corrective disclosure, and must have suffered a loss.

(b)    Mesoblast ADS purchased or otherwise acquired from August 11, 2020 through and including October 1, 2020 must have been held through the close of trading on October 1, 2020, and must have suffered a loss.  For ADSs purchased on October 2, 2020, there is no inflation and the Recognized Loss will be zero.

50.    To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her, or its Recognized Loss for those transactions will be zero.

51.    Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.  will be calculated as follows:

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

**(I)    Recognized Loss for the Company's publicly trades ADSs Purchased or Otherwise Acquired during the Class Period will be calculated as follows:**

(A)    For ADSs purchased or otherwise acquired during the Class Period <u>and sold during the Class Period</u>, the Recognized Loss per ADS will be the *lesser* of: (1) the inflation per ADS upon purchase (as set forth in Inflation Table A below) less the inflation per ADS upon sale (as set forth in Inflation Table A below); or (2) the purchase price per ADS minus the sales price per ADS.

(B)    For ADSs purchased or otherwise acquired during the Class Period <u>and sold during the period October 5, 2020 through December 31 2020</u>, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per ADS upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per ADS and the average ADS closing price as of date of sale provided in Table B below.

11

(C)    For ADS purchased during the Class Period and retained as of the close of trading on December 31, 2020, the Recognized Loss will be the *lesser* of: (1) the inflation per ADS upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per ADS minus $12.35[3] per ADS.

| INFLATION TABLE A | |
|---|---|
| ADSs Purchased During the Class Period | |
| **Period** | **Inflation** |
| December 13, 2018 to August 10, 2020, inclusive | $12.33  per ADS |
| August 11, 2020 to October 1, 2020, inclusive | $6.37 per ADS |
| October 2, 2020 and thereafter | $0.00 per ADS |

| TABLE B | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
| 10/5/2020 | $12.80 | $12.80 | 11/3/2020 | $11.26 | $11.45 | 12/3/2020 | $15.74 | $12.32 |
| 10/6/2020 | $12.11 | $12.46 | 11/4/2020 | $11.42 | $11.45 | 12/4/2020 | $16.10 | $12.41 |
| 10/7/2020 | $12.09 | $12.33 | 11/5/2020 | $11.89 | $11.47 | 12/7/2020 | $16.54 | $12.50 |
| 10/8/2020 | $12.11 | $12.28 | 11/6/2020 | $11.73 | $11.48 | 12/8/2020 | $16.79 | $12.59 |
| 10/9/2020 | $12.11 | $12.24 | 11/9/2020 | $10.54 | $11.44 | 12/9/2020 | $16.99 | $12.69 |
| 10/12/2020 | $12.01 | $12.21 | 11/10/2020 | $11.61 | $11.45 | 12/10/2020 | $16.79 | $12.77 |
| 10/13/2020 | $12.04 | $12.18 | 11/11/2020 | $11.81 | $11.46 | 12/11/2020 | $16.96 | $12.86 |
| 10/14/2020 | $11.86 | $12.14 | 11/12/2020 | $11.45 | $11.46 | 12/14/2020 | $16.89 | $12.94 |
| 10/15/2020 | $11.27 | $12.04 | 11/13/2020 | $11.88 | $11.48 | 12/15/2020 | $13.57 | $12.95 |
| 10/16/2020 | $10.90 | $11.93 | 11/16/2020 | $11.99 | $11.49 | 12/16/2020 | $13.57 | $12.96 |
| 10/19/2020 | $11.25 | $11.87 | 11/17/2020 | $11.76 | $11.50 | 12/17/2020 | $13.57 | $12.98 |
| 10/20/2020 | $11.87 | $11.87 | 11/18/2020 | $11.80 | $11.51 | 12/18/2020 | $9.27 | $12.91 |
| 10/21/2020 | $11.24 | $11.82 | 11/19/2020 | $11.79 | $11.52 | 12/21/2020 | $8.59 | $12.83 |
| 10/22/2020 | $11.25 | $11.78 | 11/20/2020 | $13.78 | $11.58 | 12/22/2020 | $8.21 | $12.75 |
| 10/23/2020 | $11.21 | $11.74 | 11/23/2020 | $15.81 | $11.70 | 12/23/2020 | $8.93 | $12.68 |
| 10/26/2020 | $10.89 | $11.69 | 11/24/2020 | $16.74 | $11.84 | 12/24/2020 | $8.73 | $12.61 |
| 10/27/2020 | $10.78 | $11.63 | 11/25/2020 | $15.28 | $11.93 | 12/28/2020 | $8.80 | $12.55 |
| 10/28/2020 | $10.42 | $11.57 | 11/27/2020 | $14.93 | $12.00 | 12/29/2020 | $8.60 | $12.48 |
| 10/29/2020 | $10.90 | $11.53 | 11/30/2020 | $15.09 | $12.08 | 12/30/2020 | $8.53 | $12.42 |
| 10/30/2020 | $10.70 | $11.49 | 12/1/2020 | $15.12 | $12.15 | 12/31/2020 | $8.49 | $12.35 |
| 11/2/2020 | $10.85 | $11.46 | 12/2/2020 | $15.84 | $12.24 | | | |

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $12.35 per ADS was the mean (average) daily closing trading price of the Company's ADSs during the 90-day period beginning on October 5, 2020 through and including December 31, 2020.

## ADDITIONAL PROVISIONS

52.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount is $10.00 or greater.

53.    If a Settlement Class Member has more than one purchase/acquisition or sale of Mesoblast ADS, all purchases/acquisitions and sales of shares shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

54.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Loss.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Loss divided by the total Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

55.    Purchases or acquisitions and sales of Mesoblast ADSs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Mesoblast ADSs during the Class Period shall not be deemed a purchase, acquisition or sale of Mesoblast ADSs for the calculation of an Authorized Claimant's Recognized Loss, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Mesoblast ADSs unless (i) the donor or decedent purchased or otherwise acquired such Mesoblast ADSs during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Mesoblast ADSs; and (iii) it is specifically so provided in the instrument of gift or assignment.

56.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Mesoblast ADSs.  The date of a "short sale" is deemed to be the date of sale of the Mesoblast ADSs. Under the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a Claimant has an opening short position in Mesoblast ADSs, the earliest Class Period purchases or acquisitions of those shares shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

57.    Option contracts are not securities eligible to participate in the Settlement.  With respect to Mesoblast ADSs purchased or sold through the exercise of an option, the purchase/sale date of the Mesoblast ADSs is the exercise date of the option and the purchase/sale price of the Mesoblast ADSs is the exercise price of the option.

58.    To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Mesoblast ADSs during the Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Mesoblast ADSs during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Loss shall be limited to the amount of the actual market loss.

59.    For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Mesoblast ADSs during the Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Mesoblast ADSs purchased or acquired during the Class Period.

13

the Total Sales Proceeds[5] and Total Holding Value.[6] This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Mesoblast ADSs during the Class Period.

60.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund six (6) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel..

61.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Lead Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

62.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.strategicclaims.net/Mesoblast/.

| **WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?** |
|---|

63.    Lead Counsel has not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor has Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an

---

[5] The Claims Administrator shall match any sales of Mesoblast ADSS during the Class Period, first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Mesoblast ADSs sold during the Class Period shall be the "Total Sales Proceeds."

[6] The Claims Administrator shall ascribe a holding value to Mesoblast ADSs purchased or acquired during the Class Period and still held as of the close of trading on October 2, 2020 at $.12.03 per ADS representing the closing price of Mesoblast ADSs on October 2, 2020. The total calculated holding values for all Mesoblast ADSs shall be the Claimant's "Total Holding Value."

award of attorneys' fees in an amount up to $33^{1/3}\%$ (one third) of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $50,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

> ### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

64.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Mesoblast Class Action Litigation*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063.  The exclusion request must be ***received*** no later than July 25, 2022.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Mesoblast Class Action Litigation*, Case No. 7:20-cv-08430-PMH"; (c) identify and state the number of Mesoblast ADSs that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, between December 13, 2018 and October 2, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

65.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

66.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

67.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

> ### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

68.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

69.    The Settlement Hearing will be held on August 15, 2022 at 11:00 a.m., before the Honorable Philip H. Halpern at the United States District Court for the Southern District of New York, Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter

related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

70.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before July 25, 2022.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before July 25, 2022**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court Southern District of New York Clerk of the Court United States Courthouse 300 Quarropas Street White Plains, NY 10601 | **The Rosen Law Firm, P.A.** Sara Fuks, Esq. 275 Madison Avenue, 40th Floor New York, NY 10016 | **Wilson, Sonsini, Goodrich & Rosati, P.C.** Sheryl Shapiro Bassin, Esq.1301 Avenue of the Americas, 40th Floor New York, NY 10019 |

71.    Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of Mesoblast ADSs that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period (*i.e*., between December 13, 2018 and October 2, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

72.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

73.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before July 25, 2022**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

74.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 70 above so that the notice is *received* **on or July 25, 2022**.

75.    The Settlement Hearing may be adjourned by the Court without further written notice to the

Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

76.   **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

77.   If you purchased Mesoblast ADSs between December 13, 2018 and October 2, 2020, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) within seven (7) calendar days request an electronic copy of the Summary Notice, email the Summary Notice in electronic format to each beneficial owner for whom they are nominee or custodian; or (c) within seven (7) calendar days, provide a list of the names, addresses, and email addresses (to the extent known) of all such beneficial owners to *In re Mesoblast Class Action Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063; Fax: (610) 565-7985; info@strategicclaims.net. If you choose option (c), the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. If email addresses are available, the Claims Administrator shall promptly email the Summary Notice.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice actually mailed, $0.05 per name, address and email address provided to the Claims Administrator, or $0.05 per email for emailing notice by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.  Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.strategicclaims.net/Mesoblast/, or by calling the Claims Administrator toll-free at 1-866-274-4004.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, NY 10601. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.strategicclaims.net/Mesoblast/.

17

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| | and/or | |
|---|---|---|
| *In re Mesoblast*<br>*Class Action Litigation*<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Suite 205<br>Media, PA 19063<br>(866) 274-4004<br>info@strategicclaims.net | | Sara Fuks, Esq.<br>ROSEN LAW FIRM, P.A.<br>275 Madison Avenue<br>40th Floor<br>New York, NY 10016<br>(212) 686-1060<br>info@rosenlegal.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: April 8, 2022

By Order of the Court
United States District Court
Southern District of New York

18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRENE KRISTAL, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MESOBLAST LIMITED, SILVIU ITESCU, JOSH MUNTNER, and FRED GROSSMAN<br><br>    Defendants. | CASE No.: 7:20-CV-08430-PMH<br><br>Honorable Philip M. Halpern |

### PROOF OF CLAIM AND RELEASE

Deadline for Submission:  August 7, 2022

IF YOU PURCHASED MESOBLAST LIMITED ("MESOBLAST" OR THE "COMPANY") AMERICAN DEPOSITORY SHARES ("ADSs") BETWEEN DECEMBER 13, 2018 AND OCTOBER 2, 2020, INCLUSIVE, AND WERE DAMAGED THEREBY, YOU MAY BE A SETTLEMENT CLASS MEMBER AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Settlement Class based on your claims in the action entitled *Kristal v. Mesoblast Limited, et. al*, 7:20-CV-08430-PMH (the "Action"), you must complete and, on page 25 hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.    YOU MUST EMAIL OR MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE AUGUST 7, 2022, ADDRESSED AS FOLLOWS TO THE CLAIMS ADMINISTRATOR:

*In re Mesoblast Class Action Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063
Fax: (610) 565-7985
-or-
Email: info@strategicclaimns.net

If you are NOT a member of the Settlement Class (as defined in the Postcard Notice or Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), DO NOT submit a Proof of Claim and Release form.

4.    If you are a member of the Settlement Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

5.    PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates

19

to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

## II.      CLAIMANT IDENTIFICATION

Use Part I of this form entitled "Claimant Identification" to identify the beneficial purchaser of Mesoblast ADSs which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S), OF SHARES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them, and their authority must accompany this claim, and their titles or capacities must be stated.  The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Settlement Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Settlement Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.strategicclaims.net/Mesoblast/ or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE THAT YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.   THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866)-274-4004**.

## III.     CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Mesoblast ADSs" to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Mesoblast ADSs.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Print the beneficial owner's full name and last four digits of social security/taxpayer identification number on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and acquisitions and *all* of your sales of Mesoblast ADSs between December 13, 2018 and December 31, 2020, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the Mesoblast ADSs you held at the close of trading on December 12, 2018 and December 31, 2020. Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Mesoblast ADSs. The date of a "short sale" is deemed to be the date of sale of Mesoblast ADSs.

Copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions Mesoblast ADSs should be attached to your claim.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

20

MESOBLAST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*Kristal v. Mesoblast Limited. et al.*
Case No. 7:20-cv-08430-PMH

**PROOF OF CLAIM AND RELEASE**
**Must Be Emailed or Postmarked No Later Than:**
**August 7, 2022**

Please Type or Print in Blue or Black Ink

**PART I:**    **CLAIMANT IDENTIFICATION**

| | | |
|---|---|---|
| Beneficial Owner's Name (First, Middle, Last): | | |
| | | |
| Address: | | |
| | | |
| City: | State: | ZIP: |
| Foreign Province: | Foreign Country: | |
| Day Phone: | Evening Phone: | |
| Email: | | |
| Account Number: | | |
| Last Four Digits of Social Security Number (for individuals): | OR | Last Four Digits of Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

21

MESOBLAST

## PART II:    SCHEDULE OF TRANSACTIONS IN MESOBLAST ADSs

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, above. Do not include information regarding securities other than Mesoblast ADSs.

| 1. HOLDINGS AS OF DECEMBER 12, 2018 – State the total number of shares of Mesoblast ADSs held as of the close of trading on December 12, 2018. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |
|---|---|---|---|---|
| **2. PURCHASES/ACQUISITIONS FROM DECEMBER 13, 2018 TO OCTOBER 2, 2020** – Separately list each and every purchase/acquisition (including free receipts) of Mesoblast ADSs from after the opening of trading on December 13, 2018 through and including the close of trading on October 2, 2020. (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **3. PURCHASES/ACQUISITIONS FROM OCTOBER 3, 2020 THROUGH DECEMBER 31, 2020** – State the total number of shares of Mesoblast ADSs purchased/acquired (including free receipts) from after the opening of trading on October 3, 2020 through and including the close of trading on December 31, 2020. If none, write "zero" or "0."[1] _____ | | | | |
| **4. SALES FROM DECEMBER 13, 2018 THROUGH DECEMBER 31, 2020** – Separately list each and every sale/disposition (including free deliveries) of Mesoblast ADSs from after the opening of trading on December 13, 2018, through and including the close of trading on December 31, 2020. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **5. HOLDINGS AS OF DECEMBER 31, 2020** – State the total number of shares of Mesoblast ADSs held as of the close of trading on December 31, 2020. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |

---

[1] **Please note**: Information requested with respect to your purchases/acquisitions of Mesoblast ADSs from after the opening of trading on October 3, 2020 through and including the close of trading on December 31, 2020 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX

**PART III:    RELEASE OF CLAIMS AND SIGNATURE**

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 25. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR REJECTION OF YOUR CLAIM.**

**I.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement ("Stipulation") described in the Postcard Notice and the detailed Notice.[2] I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the same purchases of Mesoblast ADSs and know of no other person having done so on my (our) behalf.

**II.    RELEASE**

1.    Upon the Effective Date of the Settlement, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Plaintiffs' Claims (defined below), including Unknown Claims (defined below), each and all of the Defendants' Releasees (defined below) as provided in the Stipulation, parts of which are set forth in Paragraphs 2-5 below.

2.    "Defendants' Releasees" means (i) each Defendant, (ii) each of their respective immediate family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities, and affiliates, any trust of which any Individual Defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his or her family, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

3.    "Defendants" means Mesoblast and the Individual Defendants: Silvui Itescu, Josh Muntner, and Fred Grossman.

4.    "Released Plaintiffs' Claims" means all claims, demands, rights, and causes of action, or liabilities of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that (a) Plaintiffs or any other member of the Class: (i) asserted in the Action or (ii) could have asserted in any court or forum (including those in any other US or global jurisdiction) that arise out of or are based upon any of the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action; and (b) relate in any way to the purchase or

---

[2] All capitalized terms used in this Proof of Claim and Release that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation, which is available at www.strategicclaims.net/Mesoblast/.

other acquisition of Mesoblast ADSs during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

5.      "Unknown Claims" means any and all Released Plaintiffs' Claims of every nature and description against the Defendants' Releasees which any Plaintiffs or any member of the Class does not know or suspect to exist in his, her, or its favor at the time of their release of the Released Plaintiffs' Claims, and any and all Defendants' Released Claims of every nature and description against the Plaintiffs' Releasees which any Defendant does not know or suspect to exist in his, her, or its favor at the time of their release of the Defendants' Released Claims, and including, without limitation, those which, if known by such Plaintiffs, member of the Class or Defendant, might have affected his, her, or its decision(s) with respect to the settlement or the releases, including his, her, or its decision(s) to object or not to object to the settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

6.      Plaintiffs, any Settlement Class Member, Defendants, and each of their respective Releasees, may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties shall expressly fully, finally, and forever settle and release, and each Settlement Class Member and each of the Releasees, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment or Alternate Judgment shall have fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement. This release shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

7.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

8.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Mesoblast ADSs between December 13, 2018 and December 31, 2020, and the number of shares of Mesoblast ADSs held by me (us) at the close of trading on December 12, 2018 and December 31, 2020.

9.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

24

10.     I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____

(Month/Year)

in _____, _____.

(City)                                                          (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED VIA EMAIL OR POSTMARKED NO LATER THAN AUGUST 7, 2022, ADDRESSED AS FOLLOWS:**

*In re Mesoblast Class Action Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063
Tel.: (866) 274-4004
Fax: (610) 565-7985
-or-
Email: info@strategicclaims.net

25

*In re Mesoblast Class Action Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

Reminder Checklist:

1. Please sign and date the above release and declaration. If this Proof of Claim and Release is submitted on behalf of joint claimants, then both claimants must sign.
2. Remember to attach supporting documentation, if available.
3. DO NOT send original stock certificates.
4. Keep a copy of everything you submit for your records, including your Proof of Claim and Release form.
5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at (866) 274-4004.
6. If you move after submitting this Proof of Claim and Release, please notify the Claims Administrator of the change in your address.

**EXHIBIT D**

## INVESTOR'S BUSINESS DAILY°

### Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication:     IBD Weekly
Address:                 12655 Beatrice Street
City, State, Zip:        Los Angeles, CA 90066
Phone #:                 310.448.6700
State of:                California
County of:               Los Angeles

I, __Shaun Shen__ for the publisher of __IBD Weekly__, published in the city of __Los Angeles__, state of __California__, county of __Los Angeles__ hereby certify that the attached notice(s) for MESOBLAST LIMITED, was printed in said publication on the following date(s):

**MAY 23, 2022**

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __23rd__ day of __May__, __2022__, by

_____, proved to me on the basis of satisfactory evidence to be the person(s) who

appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

Case 7:20-cv-08430-PMH    Document 81-1    Filed 07/11/22    Page 37 of 45

## BIG CAP GROWTH ETF (SPYG) VS SMALL CAP GROWTH ETF (SLYG)

| | | | |
|---|---|---|---|
| Apple Inc (AAPL) | 12.63% | NeoGenomics Inc (NEO) | 1.35% |
| Microsoft Corp (MSFT) | 10.02% | Cleveland-Cliffs Inc (CLF) | 1.31% |
| Amazon.com Inc (AMZN) | 8.27% | Yeti Holdings Inc (YETI) | 1.16% |
| Facebook Inc Cl A (FB) | 3.91% | Omnicell Inc (OMCL) | 1.14% |
| Tesla Inc (TSLA) | 3.19% | Brooks Automation (BRKS) | 1.13% |

When the line is heading up, big cap growth funds are outperforming small cap growth funds

## GROWTH ETF (IUSG) VS VALUE ETF (IUSV)

| | | | |
|---|---|---|---|
| Apple Inc (AAPL) | 11.88% | Berkshire Hathaway (BRKB) | 2.84% |
| Microsoft Corp (MSFT) | 9.42% | JP Morgan Chase (JPM) | 2.43% |
| Amazon.com Inc (AMZN) | 7.78% | Walt Disney Company (DIS) | 2.06% |
| Facebook Inc Cl A (FB) | 3.68% | Johnson & Johnson (JNJ) | 1.56% |
| Tesla Inc (TSLA) | 3.00% | Verizon Communications (VZ) | 1.53% |

When the line is heading up, growth funds are outperforming value funds



# Top Industry & Sector Funds

Best % change in last 4, 8 & 12 weeks on a total return basis. ★ indicates fund is on 3 different weeks' lists.

| Mutual Fund | | % Change | $ Net Assets |
|---|---|---|---|
| **Best % Change Last 4 Weeks** | | | |
| BlackRock Instl OppInstl | ★ | +6 | 335 mil |
| Vanguard EnrgIndAdmr | ★ | +4 | 7.8 bil |
| Hennessy GasUtyInv | ★ | +2 | 592 mil |
| Fidelity ComdtyStrgy | ★ | +2 | 3.9 bil |
| FidelityMgmt NatResFund | ★ | +0 | 773 mil |
| PgimInvest UtilityA | | -2 | 3.5 bil |
| **Best % Change Last 8 Weeks** | | | |
| Vanguard EnrgIndAdmr | ★ | +22 | 7.8 bil |
| BlackRock Instl OppInstl | ★ | +18 | 335 mil |
| FidelityMgmt NatResFund | ★ | +15 | 773 mil |
| Fidelity ComdtyStrgy | ★ | +14 | 3.9 bil |
| Hennessy GasUtyInv | ★ | +12 | 592 mil |
| PgimInvest NatlRsrc | ★ | +11 | 849 mil |
| **Best % Change Last 12 Weeks** | | | |
| BlackRock Instl OppInstl | ★ | +4 | 335 mil |
| Vanguard EnrgIndAdmr | ★ | +3 | 7.8 bil |
| Fidelity ComdtyStrgy | ★ | | 3.9 bil |
| FidelityMgmt NatResFund | ★ | -2 | 773 mil |
| FidelityMgmt Chemicals | | -3 | 852 mil |
| BlackRock A NatResInvA | ★ | -3 | 267 mil |

# Top Industry & Sector Funds

Best % change in last 16 & 39 weeks on a total return basis. ★ indicates fund is on 3 different weeks' lists.

| Mutual Fund | | % Change | $ Net Assets |
|---|---|---|---|
| **Best % Change Last 16 Weeks** | | | |
| Vanguard EnrgIndAdmr | ★ | +25 | 7.8 bil |
| Fidelity ComdtyStrgy | ★ | +23 | 3.9 bil |
| FidelityMgmt NatResFund | ★ | +20 | 773 mil |
| BlackRock Instl OppInstl | ★ | +19 | 335 mil |
| PgimInvest NatlRsrc | ★ | +17 | 849 mil |
| Hennessy GasUtyInv | ★ | +12 | 592 mil |
| BlackRock A NatResInvA | ★ | +11 | 267 mil |
| Gabelli AAA GoldAAA | | +8 | 350 mil |
| PgimInvest UtilityA | | +5 | 3.5 bil |
| US Glob Inv GoldMtls | | +3 | 144 mil |
| PriceFds NewEra | | +3 | 3.3 bil |
| FidelityMgmt SelctMatrls | | +2 | 1.2 bil |
| **Best % Change Last 39 Weeks** | | | |
| Vanguard EnrgIndAdmr | ★ | +82 | 7.8 bil |
| BlackRock Instl OppInstl | ★ | +72 | 335 mil |
| FidelityMgmt NatResFund | ★ | +60 | 773 mil |
| PgimInvest NatlRsrc | ★ | +42 | 849 mil |
| Fidelity ComdtyStrgy | ★ | +42 | 3.9 bil |
| BlackRock A NatResInvA | ★ | +35 | 267 mil |
| Hennessy GasUtyInv | ★ | +18 | 592 mil |
| PriceFds NewEra | ★ | +15 | 3.3 bil |
| FidelityMgmt Chemicals | | +6 | 852 mil |
| FidelityMgmt SelctMatrls | | +5 | 1.2 bil |
| FidelityMgmt MaterialsA | | +5 | 1.2 bil |
| Gabelli AAA GoldAAA | | +4 | 350 mil |

## U.S. Stock Fund Cash Position

| | High (11/00) 6.2% | | Low (12/21) 1.5% | |
|---|---|---|---|---|
| 20-Oct | 1.7% | 21-Apr | 1.8% | 21-Oct | 1.7% |
| 20-Nov | 1.8% | 21-May | 1.7% | 21-Nov | 1.7% |
| 20-Dec | 1.6% | 21-Jun | 1.7% | 21-Dec | 1.5% |
| 21-Jan | 1.6% | 21-Jul | 1.7% | 22-Jan | 1.8% |
| 21-Feb | 1.7% | 21-Aug | 1.7% | 22-Feb | 1.9% |
| 21-Mar | 1.7% | 21-Sep | 1.7% | 22-Mar | 2.0% |

[Extensive fund performance data tables listing mutual funds organized alphabetically by fund family (American Funds R1-R6, American South A, AOR Funds, Amerindo Funds, AMG Funds, Artisan Funds, Baird Funds, BlackRock, BrightRock, Brown Advisory, Buffalo Funds, Calamos Funds, Calvert Group, Cambiar Funds, CapMgmt, Carillon Family, CGM Funds, ClearBridge Inv, Cohen & Steers, Coho, Columbia Funds, CONGRESS, CRM Funds, Credit Suisse ABCD, Davenport Funds, Delaware A, Diamond Hill Funds, Dimensional Funds, Dodge&Cox, Dreyfus, Driehaus Funds, DWS Funds, Eagle Funds, Eaton Vance, EqtyinvCorp, Fairholme, Federated Hermes C, and others) with columns for 36 Mo Performance Rating, Fund, YTD % Chg, 12Wk % Chg, 5 Yr Tax Rtn, After Tax Value, Net Asset NAV, and Chg.]

# LEGAL NOTICE

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

BRETT HAWKES, Plaintiff, v.

THE TORONTO-DOMINION BANK, TD GROUP US HOLDINGS LLC, TD BANK USA, NATIONAL ASSOCIATION, TD BANK, NATIONAL ASSOCIATION, STEPHEN BOYLE, TIM HOCKEY, BRIAN LEVITT, KAREN MAIDMENT, BHARAT MASRANI, IRENE MILLER, JOSEPH MOGLIA, WILBUR PREZZANO, and THE CHARLES SCHWAB CORPORATION, Defendants.

C.A. No. 2020-0360-PAF

### SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF STOCKHOLDER CLASS ACTION, SETTLEMENT HEARING, AND RIGHT TO APPEAR

**TO:** All record holders and beneficial holders of TD Ameritrade Holding Corporation ("Ameritrade") common stock at any point during the period from and including November 25, 2019, the date of the definitive merger agreement between Ameritrade and The Charles Schwab Corporation, through and including October 6, 2020, the date the Merger closed (the "Settlement Class").

Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full Notice of Pendency and Proposed Settlement of Stockholder Class Action, Settlement Hearing, and Right to Appear (the "Notice"), available at www.AmeritradeMergerLitigation.com. Any capitalized terms used in this Summary Notice that are not otherwise defined in this Summary Notice shall have the meanings given to them in the Stipulation and Agreement of Compromise, Settlement, and Release dated March 25, 2022 (the "Stipulation").

**PLEASE READ THIS SUMMARY NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the Court of Chancery of the State of Delaware (the "Court"), that the above-captioned stockholder class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that (i) plaintiff Brett Hawkes ("Plaintiff"), on behalf of himself and the Settlement Class, and (ii) defendants (a) The Toronto-Dominion Bank and its affiliates TD Group US Holdings LLC ("TD Group US"), and TD Bank USA, National Association ("TD Bank USA"), and TD Bank, National Association ("TD Bank N.A." and together with TD Group US and TD Bank USA, "TD Bank"); (b) Tim Hockey, Brian Levitt, Karen Maidment, Bharat Masrani, Irene Miller, Joseph Moglia, Wilbur Prezzano, and Stephen Boyle (collectively, the "Individual Defendants"); and (c) The Charles Schwab Corporation ("CSC," and together with TD Bank and the Individual Defendants, "Defendants") have entered into a proposed settlement for, among other consideration, $31,500,000 (the "Settlement"). The terms of the Settlement are stated in the Stipulation entered into between Plaintiff and Defendants dated March 25, 2022, a copy of which is available at www.AmeritradeMergerLitigation.com. If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing (the "Settlement Hearing") will be held on **July 11, 2022 at 1:30 p.m.**, before The Honorable Paul A. Fioravanti, Jr., Vice Chancellor, either in person at the Court of Chancery of the State of Delaware, New Castle County, Leonard L. Williams Justice Center, 500 North King Street, Wilmington, Delaware 19801, or by telephone or video conference (in the discretion of the Court), to, among other things: (i) determine whether the Action may be permanently maintained as a non-opt out class action and whether the Settlement Class should be certified permanently, for purposes of the Settlement, pursuant to Court of Chancery Rules 23(a), 23(b)(1) and 23(b)(2); (ii) determine whether Plaintiff may be permanently designated as representative for the Settlement Class and Plaintiff's Co-Lead Counsel as counsel for the Settlement Class, and whether Plaintiff and Plaintiff's Co-Lead Counsel have adequately represented the interests of the Settlement Class in the Action; (iii) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (iv) determine whether the Judgment, substantially in the form attached as Exhibit D to the Stipulation, should be entered dismissing the Action with prejudice as against Defendants; (v) determine whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable, and should therefore be approved; (vi) determine whether the application by Plaintiff's Co-Lead Counsel for an award of attorneys' fees and expenses, including Plaintiff's application for an incentive award, should be approved; (vii) hear and rule on any objections to the Settlement, the proposed Plan of Allocation, the application by

Plaintiff's Co-Lead Counsel for an award of attorneys' fees and expenses, and/or Plaintiff's application for an incentive award; and (viii) consider any other matters that may properly be brought before the Court in connection with the Settlement.

Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.AmeritradeMergerLitigation.com.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund.** If you have not yet received the Notice, you may obtain a copy of the Notice by contacting the Settlement Administrator at Ameritrade Merger Litigation, c/o JND Legal Administration, P.O. Box 91212, Seattle, WA 98111, 1-888-964-2135. A copy of the Notice can also be downloaded from the Settlement website, www.AmeritradeMergerLitigation.com.

If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed on a *pro rata* basis to Eligible Closing Date Stockholders in accordance with the proposed Plan of Allocation stated in the Notice or such other plan of allocation as is approved by the Court. Pursuant to the proposed Plan of Allocation, each Eligible Closing Date Stockholder will be eligible to receive a *pro rata* payment from the Net Settlement Fund equal to the product of (i) the number of shares held by the Eligible Closing Date Stockholder at the time such shares were converted into the right to receive the Merger Consideration in connection with the Closing of the Merger and (ii) the "Per-Share Recovery" for the Settlement, which will be determined by dividing the total amount of the Net Settlement Fund by the total number of shares held by all of the Eligible Closing Date Stockholders at the time such shares were converted into the right to receive the Merger Consideration in connection with the Closing of the Merger. As explained in further detail in the Notice at paragraphs 37-42, pursuant to the Plan of Allocation, payments from the Net Settlement Fund to Eligible Closing Date Stockholders will be made in the same manner in which Eligible Closing Date Stockholders received the Merger Consideration. Eligible Closing Date Stockholders do not have to submit a claim form to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Plaintiff's Co-Lead Counsel's application for an award attorneys' fees and expenses, including Plaintiff's application for an incentive award, must be filed with the Register in Chancery in the Court of Chancery of the State of Delaware and delivered to Plaintiff's Co-Lead Counsel and Defendants' Counsel such that they are *received* **no later than June 27, 2022**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court or the Office of the Register in Chancery regarding this Summary Notice. All questions about this Summary Notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Settlement Administrator or Plaintiff's Co-Lead Counsel.**

Requests for the Notice should be made to the Settlement Administrator:

Ameritrade Merger Litigation
c/o JND Legal Administration
P.O. Box 91212
Seattle, WA 98111
1-888-964-2135
info@AmeritradeMergerLitigation.com
www.AmeritradeMergerLitigation.com

Inquiries, other than requests for the Notice, should be made to Plaintiff's Co-Lead Counsel:

Peter B. Andrews
ANDREWS & SPRINGER LLC
4001 Kennett Pike,
Suite 250
Wilmington, Delaware 19807
1-302-504-4957 Ext. 1
pandrews@andrewsspringer.com

Edward Timlin
BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
1251 Avenue of the Americas
44th Floor
New York, New York 10020
1-800-380-8496
settlements@blbglaw.com

or

David Tejtel
FRIEDMAN OSTER & TEJTEL PLLC
493 Bedford Center Road, Suite 2D
Bedford Hills, New York 10507
1-888-529-1108
dtejtel@fotpllc.com

BY ORDER OF THE COURT OF CHANCERY OF THE STATE OF DELAWARE

---

## UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

IRENE KRISTAL, Individually and on behalf of all others similarly situated, Plaintiff,

v.

MESOBLAST LIMITED, SILVIU ITESCU, JOSH MUNTNER, and FRED GROSSMAN Defendants.

**CASE No.: 7:20-CV-08430-PMH**
Honorable Philip M. Halpern

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:** All persons and entities who purchased American Depositary Shares of Mesoblast Limited ("Mesoblast") ("Mesoblast ADS") during the period between December 13, 2018 and October 2, 2020, inclusive (the "Settlement Class") and were damaged thereby: **PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $2,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on August 15, 2022 at 11:00 a.m., before the Honorable Philip H. Halpern at the United States District Court for the Southern District of New York, Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement, dated March 28, 2022 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should be approved.

If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund. The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.strategicclaims.net/Mesoblast/. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *In re Mesoblast Class Action Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063; Toll-Free: (866) 274-4004; Fax: (610) 565-7985; info@strategicclaims.net.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form to the Claims Administrator postmarked no later than August 1, 2022. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion to the Claims Administrator such that it is *received* no later than July 25, 2022, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than July 25, 2022, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Mesoblast, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

THE ROSEN LAW FIRM, P.A.
Sara Fuks, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
info@rosenlegal.com

Requests for the Notice and Claim Form should be made to:

*In re Mesoblast Class Action Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063
Toll-Free: (866) 274-4004
info@strategicclaims.net

By Order of the Court

**jbravata@strategicclaims.net**

| | |
|---|---|
| **From:** | mcraig@strategicclaims.net |
| **Sent:** | Monday, May 23, 2022 9:28 AM |
| **To:** | 'Josephine Bravata' |
| **Subject:** | FW: GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA |

Regards,

Margie Craig
Project Manager
Strategic Claims Services
600 North Jackson Street
Suite 205
Media, PA 19063
610-565-9202 x1005
Toll free 866-274-4004
Fax 610-565-7985

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.*

**From:** donotreply@globenewswire.com <donotreply@globenewswire.com>
**Sent:** Monday, May 23, 2022 9:02 AM
**To:** mcraig@strategicclaims.net
**Cc:** mcraig@strategicclaims.net; lrosen@rosenlegal.com
**Subject:** GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA



# Release Distribution Confirmation

**The Rosen Law Firm, P.A. Announces Proposed Class Action Settlement on Behalf of Purchasers of Mesoblast Limited American Depository Shares – MESO**

*Cross time: **05/23/22 09:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

2

**EXHIBIT E**

In re Mesoblast Class                    27th May 2022
     Action Litigation,
EXCLUSIONS,
c/o Strategic Claims Services,
 P.O. Box 230
600 N. Jackson St.
Suite 205,
Media
PA 19063.

(a)  Mr Martyn J. Smith

(UK)

(b)  I request exclusion from the
    settlement Class in
    'In re Mesoblast Class Action Litigation,
    Case No. 7:20-cv-08430-PMH'

(c)  Purchased  139  on  2 September 2020
   in £ 14.1605p   total cost  £1,993.94p.

    Sold  139 shares  on  3 September 2020
@  £ 13.3472  total return  £ 1830.76.
       (Loss £163.18p.).(All GBP.)

award of attorneys' fees in an amount up to $33^{1/3}$% (one third) of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $50,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

---

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**



64. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Mesoblast Class Action Litigation*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063. The exclusion request must be *received* no later than July 25, 2022. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Mesoblast Class Action Litigation*, Case No. 7:20-cv-08430-PMH"; (c) identify and state the number of Mesoblast ADSs that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, between December 13, 2018 and October 2, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

65. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

66. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

67. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

68. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

69. The Settlement Hearing will be held on August 15, 2022 at 11:00 a.m., before the Honorable Philip H. Halpern at the United States District Court for the Southern District of New York, Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter

# Stock history for Mesoblast Ltd

This is an old holding. You do not currently hold any units in this stock.

LATEST PRICE
Sell: $3.53 | Buy: $3.55
↑ $0.03 (0.8621%)

| First deal: | **2 September 2020** | Last dividend date: | n/a |
| Last deal: | **3 September 2020** | Next dividend date: | n/a |
| Total deals: | **2** | | |

Deal now

View the full factsheet

Prices delayed by at least 15 minutes | Overall and daily gain/loss figures delayed by at least 15 minutes

## YOUR HOLDING SUMMARY

| | |
| --- | --- |
| **Highest price paid:** | 1,416.05p |
| **Lowest price paid:** | 1,416.05p |
| **Weighted average price paid:** | 1,416.05p |
| **Highest price received:** | 1,334.72p |
| **Lowest price received:** | 1,334.72p |
| **Weighted average price received:** | 1,334.72p |

### PRICE CHART

1D | 1W | 1M | 3M | 6M | 1Y | 3Y | 5Y | 10Y

USD — May 2021 · Aug · Nov · Feb 2022 · May

| Date | Type | Reference | Unit cost (pence) | Quantity | Cost (£) |
| --- | --- | --- | --- | --- | --- |
| 03/09/2020 | Sold | S731373072 | 1,334.72 | 139 | -1,830.76 |
| 02/09/2020 | Bought | B730261712 | 1,416.05 | 139 | 1,993.94 |

Print table    PDF version    Download

Our website offers information about investing and saving, but not personal advice. If you're not sure which investments are right for you, please request advice, for example from our financial advisers. If you decide to invest, read our important investment notes first and remember that investments can go up and down in value, so you could get back less than you put in.

Case 7:20-cv-08430-PMH    Document 81-1    Filed 07/11/22    Page 42 of 45

In re Mesoblast Class Action Litigation,
EXCLUSIONS

c/o Strategic Claims Services,

P. O. Box 230,

600 N. Jackson Street,

Suite 205,
MEDIA
PA 19063,
USA

IT : International Tracked

JUN 02 2022

# SUPPORT CENTER
Support Ticket System

06/23/2022 09:35:24 AM

# Ticket #663993

| | | | | |
|---|---|---|---|---|
| **Status** | Completed | | **Name** | Patricio Medrano |
| **Priority** | Normal | | **Email** | |
| **Department** | Claims Administrators | | **Phone** | |
| **Create Date** | 06/22/2022 09:32:04 PM | | **Source** | Email |

| | | | | |
|---|---|---|---|---|
| **Assigned To** | George Allen | | **Help Topic** | Claims |
| **SLA Plan** | Default SLA | | **Last Response** | 06/23/2022 09:35:05 AM |
| **Due Date** | 06/23/2022 09:32:04 PM | | **Last Message** | 06/22/2022 09:32:04 PM |

**Ticket Details**

| **Case:** | Mesoblast |
|---|---|

## mesoblast

| 06/22/2022 09:32:04 PM mesoblast | Patricio Medrano |
|---|---|

I received a message for a coercive lawsuit against mesoblast or something like that, I am not interested in being part of that lawsuit but the deadlines are not enough to send the exclusion request, what should I do

| 06/23/2022 09:35:05 AM | George Allen |
|---|---|

Good morning,

Your options are generally explained on p. 3 of the attached Notice/Claim Form.

Please see the instructions on p. 15 regarding how to exclude yourself from the Settlement, reprinted below:

"Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to In re Mesoblast Class Action Litigation, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063. The exclusion request must be received no later than July 25, 2022. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or

**SUPPORT CENTER**
Support Ticket System

06/23/2022 09:35:24 AM

entity "requests exclusion from the Settlement Class in In re Mesoblast Class Action Litigation, Case No. 7:20- cv-08430-PMH"; (c) identify and state the number of Mesoblast ADSs that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (i.e., between December 13, 2018 and October 2, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this
paragraph and is received within the time stated above, or is otherwise accepted by the Court."

If you have any further questions, please feel free to contact our office.

Thank you.

--
Claims Administrator
Strategic Claims Services
600 N. Jackson St. - Suite 205
Media PA 19063
Phone: 610-565-9202
Fax: 610-565-7985
Toll Free: 1-866-274-4004

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.*

Mesoblast Final Long Notice and Claim.pdf (401 kb)