# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRENE KRISTAL, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br><br> v. <br><br><br> MESOBLAST LIMITED, SILVIU ITESCU, JOSH MUNTNER, and FRED GROSSMAN <br><br> Defendants. | **CASE No.: 7:20-CV-08430-PMH** <br><br> **DECLARATION OF GARY FEESS IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT** <br><br> CLASS ACTION |

1

I, Gary Feess, hereby declare as follows:

1.     I submit this declaration in my capacity as the mediator of the proposed settlement of the above-captioned action ("Action"). I make this declaration based on personal knowledge and if called and sworn as a witness could and would testify competently thereto.

2.     I have been asked to provide this declaration to give my views on the mediation process that culminated in the proposed settlement that will be presented to the Court for final approval.

3.     All of the parties, entities, and individuals who were represented at the mediation session executed a confidentiality agreement stating that the mediation was considered settlement negotiations for the purpose of all rules protecting mediation disclosures from later discovery and/or use in evidence. The parties further agreed that the confidentiality agreement extends to all present and future civil, judicial, quasi-judicial, arbitral, administrative, or other proceedings. Nothing in my declaration divulges any privileged information, and the filing of this declaration does not constitute a waiver of any such confidentiality.

4.     I am a former United States Attorney and former United States District Judge. I resigned from the federal bench in 2015.  I am a mediator at Phillips ADR.

5.     Since serving as a mediator, I have extensive experience assisting the settlement of many different types of complex class actions, including such matters as bankruptcy and securities claims, often involving numerous parties and multiple, related lawsuits.

6.     Many cases in which I have served as a neutral have included numerous plaintiffs and plaintiffs' counsel, as well as many defendants, defense counsel, and insurers.

7.      I provide my professional background as context for the statements in my declaration and to establish that my perspective on the settlement of this action is grounded in my significant experience in resolving complex litigation.

8.      While the Court will make its own determination as to the proposed settlement's fairness under applicable legal standards, from my viewpoint as mediator I recommend the proposed settlement as reasonably reflective of the risks and potential rewards of the claims being settled. As described below, the current matter presented complex and substantial legal, factual, and practical issues. The parties were represented during the mediation process by well-prepared and competent counsel, who negotiated zealously and at arm's length for their clients. Thus, I believe that the proposed settlement of this case represents a fair and pragmatic resolution of this action.

9.      The parties contacted me in January of 2022 about the possibility of mediating the Action.

10.      Pursuant to my custom and practice, and without waiving mediation confidentiality, the mediation was preceded by an exchange of detailed mediation statements between the parties. These submissions contained extensive analyses of the factual and legal issues in the Action and other issues material to the settlement. These submissions helped me understand the relative merits of each party's position and identify the issues that would drive and present obstacles to reaching a resolution of the action. It was clear that each side faced risks in proceeding with the case. While the contents of the mediation statements and arguments are confidential, they presented complex and novel legal arguments and were highly adversarial.

11.      At the mediation session held via video conference on February 2, 2022, I engaged in extensive discussions to establish common ground between the Parties' respective positions. All

Parties attended and participated in the mediation, including representatives from Mesoblast and its insurers.

12.    With my guidance, the Parties were able to reach an agreement-in-principle to settle the Action at the conclusion of the full-day mediation session. The Parties agreed in principle to resolve this action for $2,000,000 and executed a Memorandum of Understanding.

13.    At all times, the discussions and negotiations were conducted in a diligent and conscientious manner. Counsel for all Parties demonstrated their deep understanding of the factual and legal issues in this Action, the relative strengths and weaknesses of their positions, and the significant risks of continued litigation. The negotiations were at arms'-length, conducted in good faith, and each Parties' interests were skillfully represented. The mediation of this Action was hard fought on both sides. Counsel for the Parties were often in positions extremely antithetical to each other. While they were courteous and professional, at no time during the mediation process did any of the Parties' counsel relent in their advocacy for their clients' benefit and in their efforts to achieve the best possible resolution of this Action.

14.    I firmly believe that the Settlement is fair, reasonable and adequate. There is no question in my mind that the Settlement was reached by the Parties after making a considered judgment that the Settlement is fair, reasonable and adequate.

15.    Based on my experience as a mediator, my knowledge of the issues in dispute, my review of the materials presented before and at the mediation session, the rigor of the negotiations, and the benefits achieved in the Settlement, I believe that the terms of the Settlement are fair, adequate, reasonable and in the best interests of the Class. Therefore, I respectfully endorse final approval of the Settlement by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed on this _____ day of July, 2022 in _____ California

GARY FEESS