UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRENE KRISTAL, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>MESOBLAST LIMITED, SILVIU ITESCU, JOSH MUNTNER, and FRED GROSSMAN<br><br>        Defendants. | **CASE No.: 7:20-CV-08430-PMH**<br><br>Honorable Philip M. Halpern |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF:
(1) PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN
OF ALLOCATION; AND (2) LEAD COUNSEL'S UNOPPOSED MOTION FOR
AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION
<u>EXPENSES</u>**

Lead Plaintiff Frank Fayz and Named Plaintiff David Caudle (collectively, "Plaintiffs") respectfully submit this reply in further support of: (1) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (2) Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, both of which were filed with the Court on July 11, 2022 (ECF Nos. 76, 78).[1]

## I.    PRELIMINARY STATEMENT

In total, 51,187 potential Settlement Class Members were notified of the Settlement either by Postcard Notice, or email with a link to the Notice and Claim Form. *See* Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice;  (B) Report on Requests for Exclusion and Objections; and (C) Estimated Recognized Losses ("Supplemental Bravata Declaration") at ¶3, filed concurrently herewith.  Further, on April 28, 2022, the Notice, Postcard Notice, Claim Form, and Stipulation were posted on the settlement website established by the Claims Administrator, http://www.strategicclaims.net/correvio.  *Id.* at ¶6.  Additionally, on May 23, 2022, the Summary Notice was published in *Investor's Business Daily* and disseminated electronically over the *Globe Newswire*. *See* Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests For Exclusion and Objections (ECF No. 81-1) ¶11, Ex. D. The Claims Administrator also maintains a toll-free telephone helpline, which was set forth in the Postcard Notice, Notice, Claim Form and Summary Notice.  Supplemental Bravata Decl. ¶5. The Claims administrator promptly responds to each telephone inquiry.  *Id.*

---

[1] All capitalized terms that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement ("Stipulation") filed with the Court on March 28, 2022.  ECF No. 70.

**Exclusions:** In response to this extensive notice program, there have only been two purported requests for exclusion and one letter inquiry on how to file an exclusion. Supplemental Bravata Decl. ¶7. SCS responded to the inquiry on how to file a request for exclusion and has not received a response. *Id.* One of the purported requests for exclusion did not provide SCS with transaction information and documentation. *Id.* SCS has followed up requesting such information. *Id.* The deadline to seek exclusion from the Settlement was July 25, 2022. *Id.*

**Objections:** No objections to the Settlement or to any of its terms, to the proposed Plan of Allocation of the Net Settlement Fund, or to Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses have been received by the Claims Administrator or filed with the Court. Supplemental Bravata Declaration at ¶8. The objection deadline for both motions was July 25, 2022. *Id.*

**Actual Recovery As a Percentage of Recognized Losses:** Settlement Class Members were advised to file claim forms postmarked no later than August 7, 2022. Supplemental Bravata Dec. at ¶9. SCS has received claims the total dollar value of which is $5,799,995. *Id.* ¶10. This means that Settlement Class Members will recover 34.5% of their total losses before payment of fees and expenses, and will receive 22.6% of their actual losses even after deducting the requested attorneys' fees, litigation expenses and awards to Plaintiffs. This is an outstanding recovery, especially in light of the fact that in 2021 the median recovery in securities class actions was approximately 1.8% of estimated damages. *See* Recent Trends in Securities Class Action Litigation: 2021 Full-Year Review (NERA Jan. 25, 2022) (Dkt. No. 81, Ex. 2 at p. 24, Fig. 22).

In sum, the response of the Settlement Class, the absence of objections and immaterial number of valid requests for exclusion and the excellent recovery for Settlement Class Members further support the fairness, adequacy, and reasonableness of the Settlement and the Plan of

Allocation, as well as Lead Counsel's requests for attorneys' fees, reimbursement of expenses, and awards to Plaintiffs.

**II.     THE REACTION OF THE SETTLEMENT CLASS OVERWHELMINGLY SUPPORTS FINAL APPROVAL OF THE SETTLEMENT AND THE REQUESTED FEES AND EXPENSES**

The lack of requests for exclusion and objections demonstrates the Settlement Class's positive reaction to the Settlement and provides strong support for the requested relief.

**A. The Absence of Objections and Minimal Requests for Exclusion Strongly Supports Final Approval**

It has long been held that the "lack of objections from the class . . . supports approval of the proposed settlement." *In re Franklin Natl. Bank Secs. Litig.,* No. MDL 196, CV 75-684 (JBW), 1980 U.S. Dist. LEXIS 17277, at \*54 (E.D.N.Y. Jun. 25, 1980) (Weinstein, J.), *citing Girsh v. Jepson*, 521 F.2d 153, 157 (3rd Cir. 1975); *see also Gross v. National Liquid Reserves, Inc*., No. 81 Civ. 1802 (MJL), 1984 U.S. Dist. LEXIS 20791, at \*13 (S.D.N.Y Jan. 4, 1984) (same).  Indeed, in concluding that a lack of objections and minimal requests for exclusion were "indicative of the adequacy of the settlement," Judge Wood noted that "Class members' favorable reaction to the settlement 'is perhaps ***the most significant factor*** in [the] Grinnell inquiry.'" *Woburn Ret. Sys. v. Salix Pharms., Ltd*., No. 17 Civ. 8925 (KMW), 2017 U.S. Dist. LEXIS 132515, at \*7 (S.D.N.Y. Aug. 18, 2017) (emphasis supplied) (citing *Wal-Mart, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 119 (2d Cir. 2005); *accord Maley v. Dale Gloval Techs. Corp.,* 186 F. Supp. 2d 358, 362-63 (S.D.N.Y. 2002).

Here, after completing a robust notice program that included notifying 51,187 potential Settlement Class Members of the Settlement by either Postcard Notice or email, disseminating the Summary Notice electronically and in print, and publishing all documents relevant to the Settlement on the Claim's Administrator's website, not a single Settlement Class Member objected

to any aspect of the Settlement or the Plan of Allocation. The absence of objections to the Settlement and Plan of Allocation supports final approval of both. *See, e.g.*, *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM)(PED), 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *In re Veeco Instruments Inc. Sec. Litig*., No. 05 MDL 01695(CM), 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Moreover, the Claims Administrator has received only two purported requests for exclusion. Supplemental Bravata Declaration at ¶7. The absence of a significant number opt-outs further supports final approval. *See, e.g., Sykes v. Mel Harris & Assocs. LLC*, No. 09 Civ. 8486 (DC), 2016 U.S. Dist. LEXIS 74566, *37 (S.D.N.Y. May 24, 2016) (holding that the "miniscule" number of exclusions, *e.g.*, 38 out of 215,000 potential class members "supports approval of the settlement"); *In re Credit Default Swaps Antitrust Litig.*, No. 13md2476 (DLC), 2016 U.S. Dist. LEXIS 54587, *25 (S.D.N.Y. Apr. 25, 2016) (holding that 21 timely requests for exclusion out of almost 14,000 class members supported a finding that the settlement was fair); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (finding that where 16 out of 1500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement."); *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.,* 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) ("[T]he absence of significant exclusion or objection … weighs strongly in favor of approval.").

**B.  The Absence of Objections Supports the Fee and Expense Request**

The lack of objection also supports a finding that Lead Counsel's request for attorneys' fees, reimbursement of litigation expenses, and awards to the Plaintiffs pursuant to the PSLRA (15

4

U.S.C. § 78u–4(a)(4)), is fair and reasonable. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115808, at \*10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought. As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application.); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 2010 WL 4537550, at \*31 (S.D.N.Y. 2010) (granting lead plaintiffs' PSLRA requests for reimbursement of costs and expenses in the amounts of $100,000 and $5,000, respectively, where class members were provided notice and "[n]o objections to these requests have been filed.").

No Settlement Class Member objected to Lead Counsel's efforts and results they achieved for the Settlement Class. Accordingly, this Court should find that the Settlement Class tacitly approves of Plaintiffs' request for attorneys' fees, reimbursement of expenses and awards to Plaintiffs, further supporting their approval.

### C. The Class's Recovery Based on the Claims Filed Supports Approval of the Settlement

Settlement Class Members who submitted valid claims will be receiving a substantial payout from the Settlement. The deadline to submit a claim was postmarked no later than August 7, 2022.  The Claims Administrator has provided a preliminary tally of the number and value of the claims filed to date, as shown below:

| Type of Claims | Number of Claims | Dollar Value of Claims[2] | Number of ADS |
|---|---|---|---|
| Valid | 354 | $5,412,244 | 1,511,429 |
| Deficient w/limited proof | 26 | $387,751 | 108,284 |
| Total | 380 | **$5,799,995** | 1,619,713 |

Bravata Decl. ¶10

As indicated above, to date, SCS has received a total of 380 claims with Recognized Losses.[3] Of these claims, 354 are valid, representing Recognized Losses in the amount of $5,412,244. The remaining 26 claims are deficient—meaning that the claimant failed to submit proper documentation, such as brokerage statements, but will be given the opportunity to provide the information. The deficient claims represent Recognized Losses in the amount of $387,751.[4]

Adding the Recognized Losses for the valid and deficient claims results in total Recognized Losses in the amount of $5,799,995. This means that the Settlement Class Members who submitted timely, valid claims (as well as the Settlement Class Members who submitted deficient claims subject to cure via additional documentation) will recover at least *22.6%* of their Recognized Losses, *even after* deducting the requested attorneys' fees, litigation expenses, and the Awards to Plaintiffs:

---

[2] Per the formula set forth in the Court-approved Plan of Allocation.

[3] Claims typically continue to come in after the claims filing deadline. These claims will be processed by SCS until doing so will delay distribution of the Net Settlement Fund, at which point Lead Counsel will ask the Court to accept all valid claims, as well as those claims that are late, but otherwise valid.

[4] The Claims Administrator also received 1,148 claims with no Recognized Losses. Supplemental Bravata Decl. ¶10. Those claims will be rejected.

Settlement Amount:             $2,000,000

Percentage Fee Requested:    33$^{1/3}$% (one-third)

Gross % Class Recovery:    34.5%


Fee Request Amount:        $666,667

Expense Request:           $22,670.50

Plaintiff Award:           $2,000

Total Fees and Expenses:    $691,337.50

Net Class Recovery:        $1,308,662.50

**Net Class % Recovery:    22.6%**


The Class's gross percentage recovery is 34.5% and its net recovery after payment of fees and expenses is 22.6% of Recognized Losses.  This is an outstanding result and supports approval of this Settlement.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court finally approve the Settlement and Plan of Allocation and grant Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Proposed orders are submitted herewith.


Dated: August 8, 2022                    Respectfully submitted,

                                         */s/Sara Fuks*
                                         Sara Fuks

7

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
Phillip Kim
Sara Fuks
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
          pkim@rosenlegal.com
          sfuks@rosenlegal.com

*Lead Counsel for Plaintiffs and the Settlement Class*

8