`

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IRENE KRISTAL, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MESOBLAST LIMITED, SILVIU ITESCU, JOSH MUNTNER, and FRED GROSSMAN <br><br> Defendants. | **CASE No.: 7:20-CV-08430-PMH** <br><br> Honorable Philip M. Halpern |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISTRIBUTION OF**
**CLASS ACTION SETTLEMENT FUNDS**

Lead Plaintiff Frank Fayz and named plaintiff David Caudle ("Plaintiffs"), respectfully submit this Memorandum of Law in Support of their Motion for Distribution of Class Action Settlement Funds.[1]

**I.  INTRODUCTION**

On August 12, 2022 the Court entered the Judgment Approval Class Action Settlement and Order Approving Plan of Allocation.  (Dkt. Nos. 90, 91).

Class Counsel has been advised by the court-appointed Class Action Claims Administrator, Strategic Claims Services, Inc. ("SCS"), that it has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons who responded to the Notice and has determined which of those persons are Authorized Claimants. *See* Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Declaration") ¶¶3-7.

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Stipulation of Settlement (the "Stipulation"), filed with the Court on March 28, 2022 (Dkt. No. 70).

All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. *See* Stipulation at p. 26, ¶28 Thus, Class Counsel requests that the Court authorize the distribution of the Net Settlement Fund to the Authorized Claimants.

## II. DETERMINATION OF AUTHORIZED CLAIMS

### A. Deficient and Ineligible Claims

Pursuant to the Preliminary Approval Order (Dkt. No. 72) all claims were to be submitted to the Claims Administrator postmarked no later than August 7, 2022 (90 calendar days after the Notice Date). ¶9. The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. *See* Bravata Declaration ¶7.

SCS identified 36 inadequately documented claims. Bravata Declaration ¶7(b). When claims were inadequately documented, SCS sent claimants inadequacy notices advising them of the nature of their inadequacy and providing them an opportunity to cure. *Id.* Of the 36 claims initially identified as deficient, 19 have been successfully rectified and are now considered valid. *Id.* Each of the remaining 17 inadequate claimants either did not respond to the inadequacy notice or responded with insufficient documentation. *Id.* These claimants were sent a rejection notice explaining the reason(s) for their rejection. *Id.* To date, none of these 17 rejected claimants has objected to or contested SCS's determination. *Id.*

In addition, SCS identified 1,191 claims that it has recommended for complete rejection. Bravata Declaration ¶7(c). Such claimants were sent rejection notices advising them of SCS's determination. *Id.* To date, none of these 1,191 ineligible claimants has objected to or contested SCS's determination. *Id.*

### B. Properly Documented Claims

SCS identified 387 properly documented valid claims that were received on or before September 24, 2022. Bravata Declaration ¶7(a). These valid claims represent total Recognized Losses of $5,540,663.92. *Id.* Of these valid claims, 6 were filed late.

The Court should accept all late but otherwise valid claims postmarked after August 7, 2022 but received by SCS on or before September 24, 2022, because the untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund to the Class, or otherwise prejudiced any Authorized Claimant. *Id.*; *See In re "Agent Orange" Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims."); *see also In re Crazy Eddie Securities Litigation*, 906 F.Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds).

Plaintiffs respectfully request that the Court approve the 387 properly documented claims as listed in Exhibits B-1 and B-2 of the Bravata Declaration.

## III. DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Stipulation and the Plan of Allocation authorized by the Court's Final Judgment, "[t]he Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court." *See* Stipulation at p. 21 at ¶18.

To the extent any monies remain in the Settlement Fund six (6) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds

remaining after payment of any unpaid fees and expenses incurred in administering the Settlement.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization to be recommended Lead Counsel.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court decide the within motion on the papers and approve and enter the [Proposed] Order concerning distribution of the Net Settlement Fund.

Dated: November February 13, 2023

Respectfully submitted,

*/s/ Sara Fuks*
**THE ROSEN LAW FIRM, P.A.**
Sara Fuks
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: sfuks@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

3